ALBERT HARZFELD *et al.*

*v.*

EDWARD W. CONVERSE *et al.*

*Filed at Ottawa January 31, 1883—Rehearing denied March Term, 1883.*

1. APPEALS—*evidence of grounds of decision of Appellate Court.* Upon an appeal from an appellate court the opinion of that court can not be looked into to ascertain what that court decided. It must appear from the judgment or final order of the court.

2. SAME—*reversal, when a final judgment.* The judgment of the Appellate Court reversing the judgment of the trial court will be treated as a final judgment on the merits, independently of any action or ruling of the latter court on the trial of the case.

3. SAME—*only from final judgments.* No appeal will lie to this court from a judgment of the Appellate Court merely reversing the judgment of the trial court, unless it is a final one, disposing of the case on its merits. The Appellate Court may render final judgment on appeal or error, and cause execution to be issued thereon.

4. SAME—*facts found by the Appellate Court are conclusive.* Where the Appellate Court finds the facts in an ordinary suit at law, upon which it bases its final judgment, this court is precluded by the statute from finding them otherwise, and will not consider any questions of law that may arise on a different state of facts.

5. RESCISSION—*purchaser must rescind in toto, or not at all.* A party will not be permitted to affirm a contract in part, and rescind as to the residue. If he rescinds at all, he must do so *in toto.* The opposite party must be placed in as good a condition as he was before the sale by a return of the property purchased, unless it is entirely worthless.

6. Where the plaintiff, in an action to recover back a portion of the purchase price of certain goods, had purchased of the defendant six cases of

beavers under an entire contract, and upon receiving the same made no objection to any part of them, and did not, before suit, offer to return to the defendant all the goods, but confined his offer to return to a portion, and expressly elected to retain the other part, it was *held*, that the plaintiff could not recover, in an action for money had and received, the price of the goods objected to.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. FLOWER, REMY & GREGORY, for the appellants:

In the case of an executory contract of purchase of goods, or purchase by sample, the rejection of articles not answering to the terms of the contract does not stand upon the ground of rescission, nor does the right to return the goods depend upon a warranty. *Mansfield* v. *Trigg*, 113 Mass. 350.

In a sale with warranty the seller sells a certain article, and warrants its quality. In an executory contract to sell, he agrees to furnish articles of a certain quality. Unless he does so, the purchaser is not bound to receive them. *Hubbard* v. *George*, 49 Ill. 275.

The right to reject must be exercised before the title to the goods tendered has passed. After the goods have been accepted, or a reasonable time has elapsed after delivery for the purchaser to inspect, no right of rejection will exist, even though the goods are not such as were contracted for. *Doane* v. *Dunham*, 65 Ill. 512.

In a case of this kind, where the purchaser is not held to a rescission, but to a mere rejection, a notice that the purchaser holds the goods subject to the seller's order, or an offer to return, is sufficient, and actual return is not required to maintain an action to recover back the price paid for the goods not accepted, as not being such as the contract requires. *Doane* v. *Dunham*, 65 Ill. 512; *Ellis* v. *Roche*, 73 id. 280; *Grimoldby* v. *Wells*, L. R. 10 C. P. 391; *Lucy* v. *Mowflet*, 5 H. & N. 233.

Messrs. McCAGG & CULVER, for the appellees:

The goods not having been returned to the appellees in New York, or offered to be returned to them there, appellants were not entitled to recover the purchase money in this form of action, based upon a rescission of the contract.   A rescission of a contract must be *in toto*, and the other party placed *in statu quo*.   *Buchenau* v. *Horney*, 12 Ill. 336; *Downer* v. *Smith*, 32 Vt. 1; *Tisdale* v. *Buckmore*, 33 Maine, 461; *Kimball* v. *Cunningham*, 4 Mass. 504; *Conner* v. *Henderson*, 15 id. 319; *Norton* v. *Young*, 3 Greenlf. 30; *Carter* v. *Walker*, 2 Rich. (S. C.) L. 40; 1 Chitty's Pleading, 355; *Stevens* v. *Lyford*, 7 N. H. 360; *Wolf* v. *Dietzsch*, 75 Ill. 205.

But the goods, in fact, were of the kind and quality purchased by appellants' agent, and they have no just ground of complaint in any form of action.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Originally, this action was commenced in attachment, by Albert Harzfeld and others, against Edward W. Converse and others, and the writ served on garnishees.   A declaration in assumpsit, containing only the common counts, was filed, and by agreement of parties the persons served as garnishees were discharged, and defendants filed a plea of the general issue.   On the trial in the Superior Court plaintiffs obtained a verdict for $1997.56.   A motion for a new trial was made by defendants.   Before that motion was decided, plaintiffs remitted from the verdict in their favor the sum of $317.72, and thereupon the court overruled the motion for a new trial, and rendered judgment on the verdict for $1679.84.   That judgment, on the appeal of defendants, was reversed by the Appellate Court, and the cause remanded to the Superior Court, "for such other and further proceedings as to law and justice shall appertain."   Afterwards, on motion of plaintiffs, and without objection from defend-

ants, the Appellate Court struck out the remanding order in their judgment previously rendered, and after finding certain facts, to be incorporated in its judgment and final order, as amended, allowed plaintiffs' motion for an appeal to the Supreme Court, on giving the usual bond in a sum fixed by the court, which was done.

The errors assigned in this court are: First, the Appellate Court erred in holding the third instruction given for the plaintiffs in the circuit court to be erroneous; second, the Appellate Court erred in holding plaintiffs were prevented from rejecting the five cases of beavers inferior to sample, because they had previously accepted one case as up to sample; and third, that the court erred in reversing the judgment of the Superior Court. There is nothing in this record, as it comes before this court, that shows the Appellate Court held the third instruction given for plaintiffs in the trial court was erroneous. Nor is there anything that shows that court held, as a matter of law, that plaintiffs were prevented from rejecting five cases of beavers inferior to sample, because they had previously accepted one case as up to sample. According to the decision of this court in *Coalfield Coal Co.* v. *Peck*, 98 Ill. 139, the opinion of the Appellate Court may not be looked into to ascertain what that court decided. It must appear from the judgment or final order of the court. It is therefore clear, that on this appeal all that can be considered is the third error of the series,—that is, did the Appellate Court err in reversing the judgment of the Superior Court.

The action of the Appellate Court in refusing to remand the cause must be treated as in effect rendering a final judgment in that court on the merits of the case, independently of any action or ruling of the Superior Court on the trial of the case,—otherwise there could be no appeal from its decision. If it were merely a judgment of reversal, and not a final judgment, in the sense that term is used in the statute,

it is plain no appeal would lie to this court. Under the Practice act, the Appellate Court, in cases of appeal or writ of error, may render final judgment, and cause execution to be issued. Unless that was done in this case no appeal would lie, and as the parties themselves have treated the judgment of the Appellate Court as final, this court may so regard it.

It will be seen the Appellate Court found the facts in the case to be as follows: "That the contract of sale and purchase of the goods in question, the purchase price of which plaintiffs sought to recover back as money had and received by defendants to the use of plaintiffs, was an entire contract for six cases of beavers, and further find as a fact that plaintiffs, after receiving said goods upon such contract, did not object to all of them as not being of the kind or quality contracted for, and further find as a fact that plaintiffs, at no time between that of the delivery to them of said goods and the commencement of this suit, offered to return to defendants all of said goods; but that they confined their offer to return to only a portion of the goods, and that they expressly elected to return a portion of said goods." The context shows the word "return," as last written in the transcript of the final order of the court, must have been inadvertently written for "retain," and it will be regarded as if written "retain." It is apparent the only error that can be considered on the present appeal is, whether the Appellate Court erred in rendering final judgment for defendants, on the facts as that court found them to be. It is unnecessary to say more than that the statute forbids, in cases of this kind, any assignment of error that will call in question the finding of the inferior or Appellate Court on controverted questions of fact. Assuming, then, as must be done, the facts to be as the Appellate Court has found them to be, the correctness of the judgment of that court can not be seriously questioned. The rule of law is as well settled as any can be, that a party will not be permitted

to affirm a contract in part, and rescind as to the residue.
If he rescinds at all, he must do so *in toto.* The opposite
party must be placed in as good a position as he was before
the sale, by a return of the property purchased, unless it is
entirely worthless. (*Wolf* v. *Dietzsch,* 75 Ill. 205.) The facts
as found by the Appellate Court bring the case precisely
within the principle of the case cited and other cases in this
court. It was found plaintiffs purchased of defendants six
cases of beavers under an entire contract; that after receiv-
ing the goods no objection was made to a part of them, and
no offer was made, before the commencement of this suit to
recover back the purchase price paid for the same, to return
to defendants all the goods, but they confined their offer to a
portion, and expressly elected to retain a part of the goods.
That they could not do. The law is, as has been seen, if
they undertook to rescind an entire contract, they must do it
*in toto,* if at all.

Counsel insist the evidence given on the trial proves the
goods in question were bought for plaintiffs on examination
of a case of goods on sample, and from that case as a sample
bought the six cases of beavers involved in this litigation;
that one of the cases was immediately shipped to them, and
was received and accepted by them as in part fulfillment of
the contract, but by agreement the other five cases were not
shipped to them, or in any manner set apart for them, until
some three months after the date of the purchase; that upon
their receipt they were found to be an inferior lot of goods,
and that plaintiffs wrote to defendants expressly rejecting the
goods, and advising them the goods were held subject to
defendants' disposition. Upon that state of facts counsel
base their principal argument,—that by accepting one case
of beavers delivered to them at the time of the sale, they
were not thereby precluded from rejecting the other five cases
shipped to them some three months after the original pur-
chase, and that were not equal to the sample. The diffi-

culty does not lie so much in the argument on this branch of the case as it does as to the facts upon which it is based. The Appellate Court found the facts, on which is based its final judgment, to be very different from what counsel assume them to be, and this court, under the statute, is not at liberty to find them to be other or different from what they are stated to be in the judgment or final order of the Appellate Court. The provision of the statute in that respect is imperative, and may not be disregarded. It is therefore wholly unnecessary to enter upon any consideration of the questions of law, so elaborately discussed by counsel, that are supposed to arise on a state of facts other or different from those incorporated in the judgment or final order of the Appellate Court, and it will not be done.

Whether this court is satisfied or not with the judgment of the Appellate Court, no question arises that can be reviewed on this appeal. On the facts as found and incorporated in the judgment or final order of the Appellate Court the law is so manifestly with defendants, it can not be a matter of dispute.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*