The Chicago and Northwestern Railway Company

*v.*

John Andrews, Admr.

*Filed at Ottawa October 26, 1893.*

1. Appeals—*final judgment.* A judgment of the Appellate Court remanding a cause to the circuit court "for such other proceedings as to law and justice shall appertain," is not final, and can not be reviewed in this court, either on appeal or on error.

2. Appeals to the Supreme Court lie only from final judgments of the Appellate Court, or from judgments of the Appellate Court of such a character that no proceedings can be had in the trial court except to carry into effect the mandate of the Appellate Court.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Boone county; the Hon. Charles Kellum, Judge, presiding.

Mr. C. E. Fuller, and Mr. William Barge, for the plaintiff in error.

Mr. N. C. Warner, for the defendant in error.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action brought by defendant in error against plaintiff in error to recover damages for the death of plaintiff's intestate. The defendant company filed a demurrer to the declaration, which consists of one count only. The trial court sustained the demurrer; and, the plaintiff electing to stand by his declaration, that court rendered judgment for the defendant, dismissing the suit, and ordering the costs to be paid by the plaintiff in due course of administration. From this judgment the plaintiff took an appeal to the Appellate Court. The Appellate Court has rendered a judgment reversing the judgment of the Circuit Court, and remanding the cause to the latter court "for such other and further proceedings as to law and justice shall appertain." The case is brought here by writ of error from such judgment of the Appellate Court.

It is manifest that the judgment here sought to be reviewed is not a final judgment. A judgment of the Appellate Court remanding a cause to the Circuit Court "for such other proceedings as to law and justice shall appertain" is not final, and cannot be reviewed in this court either on appeal, or by writ of error. (*Buck* v. *County of Hamilton*, 99 Ill. 507; *Anderson* v. *Fruitt*, 108 id. 378). Appeals to the Supreme Court lie only from final judgments of the Appellate Court, or from judgments of the Appellate Court of such a character, that no proceedings can be had in the trial court except to carry into effect the mandate of the Appellate Court. (*Harzfeld* v. *Converse*, 105 Ill. 534; *Trustees of Schools* v. *Potter*, 108 id. 433; *International Bank* v. *Jenkins*, 104 id. 143.)

When this case goes back to the trial court from the Appellate Court, something more must be done than the mere execution of the mandate of the Appellate Court. If, upon the overruling of the demurrer by the trial court, the defendant stands by its demurrer, default will be entered and damages will be assessed; but, if the defendant pleads, there must be a trial of the issues. It follows that the present writ of error must be dismissed, and an order dismissing it will accordingly be entered.

*Writ of error dismissed.*