## Chicago, Rock Island & Pacific Ry. Co. v. Carl Berg, a Minor, by his Next Friend.

1. RAILROAD COMPANIES—*Injuries to Minors.*—A railroad company is not liable for an injury to a minor, which is solely the result of his boyish inclination, leading him to catch upon the ladder of a passing freight car, from which, falling, the wheels pass over him.

2. APPELLATE COURT PRACTICE—*Reversed, with a Finding of Facts, Not a Bar to Another Suit.*—Where a judgment is reversed by the Appellate Court with a finding of facts, it is an end of the suit, and a justification for not remanding the cause; but it is not a bar to the bringing of a new suit for the same cause of action.

3. PRACTICE—*Dismissal for Want of Prosecution—Reinstatement.*—Where a suit is dismissed for want of prosecution, the court has no jurisdiction at a subsequent term to reinstate it, except by consent of the parties.

Memorandum.—Action for personal injuries. In the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and reversed with a finding of facts. Opinion filed February 12, 1895.

APPELLANT'S BRIEF, ROBERT MATHER, W. H. STEAD AND
HENRY S. WALDRON, ATTORNEYS.

At a subsequent term, the court has no jurisdiction to
vacate or set aside a judgment, or to make any amendment
of a substantial character. Cook v. Wood, 24 Ill. 295;
Smith v. Wilson, 26 Ill. 186; Becker v. Sauter, 89 Ill. 596;
Goucher v. Patterson, 94 Ill. 525; Cook Co. v. Canal & D.
Co., 131 Ill. 505.

To this rule there is an exception, namely, that the court
may, after term, amend its record so as to correct the errors
and mistakes of its officers, and so as to make the record
conform to the real action and judgment of the court. It is
under this exception that the action of the court in this cause
seeks its justification. But the exception itself has its qualifi-
cations. There must be something certain to amend by, and
the " something certain " that is required, it is now settled, is
a minute of the judge. Cairo & St. L. R. Co. v. Holbrook, 72
Ill. 419; Church v. English, 81 Ill. 442; Frew v. Danforth,
126 Ill. 242; Ayer v. Chicago, 37 N. E. Rep. 57; 149 Ill.
262; Troutman v. Hill, 5 Brad. 398; Millard v. Cooper,
10 Brad. 50; In re Barnes, 27 Ill. App. 151; Howe v. War-
ren, 46 Ill. App. 325; Dougherty v. People, 118 Ill. 164.

APPELLEE'S BRIEF, MASTERSON & HAFT, ATTORNEYS; CHARLES
E. POPE, OF COUNSEL.

The rule that the record admits of no alteration after the
term, is obsolete. In all cases the judgment may be made
to conform to the record and instructions to the clerk.
Freeman on Judgments, Sec. 71.

All courts have inherent power to correct clerical errors at
any time. Burson v. Blair, 12 Ind. 371; Bank v. Moss, 6
How. 31; Finnell v. Jones, 7 Bush 395; Paddon v. Bartlett,
5 Nott. & McC. 384; Duvall v. Wells, 4 Her. & McH. 164;
Bush v. Robbins, 3 McLean 486; O'Connor v. Mullen, 11
Ill. 57.

In the following case, the record has been amended by
inserting individuals constituting a partnership, where a

firm name only is stated.    Wright v. McCampbell, 75 Tex. 644.

In the following cases the name of the party has been corrected.    Merrick v. Mayhue, 40 Mich. 196; Chandler v. Frost, 88 Ill. 559.

In the following case the name of the party omitted from the original record has been inserted.    Shoal v. Duprey, 48 Wis. 331.

In the following cases the amendment has been made giving the true date of the rendition of the judgment. Burnham v. Chicago, 24 Ill. 496; Hood v. Sparth, 51 N. J. L. 129.

In the following case a correction in the computation of the amount due on the note was made.    Hughes v. Hinds, 69 Ind. 93.

In Taylor v. Howell, 65 Ala. 1, a correction of the description of land was made.

In Wisconsin an amendment based on the personal recollection of the judge, and conforming the judgment to that recollection, has been affirmed.    Wyman v. Buckstaff, 24 Wis. 477.

The practice of hearing evidence on a petition to amend the record is followed in Clark v. Lamb, 8 Pick. 415; Rugg v. Parker, 7 Gray 172; Inhabitants of Limerick, 18 Me. 183; Weed v. Weed, 25 Conn. 337; Hollister v. Judges, 8 Oh. St. 201; Forquer v. Forquer, 19 Ill. 68; Arrington v. Corney, 17 Ark. 100; Stockdall v. Johnson, 14 Iowa 178; Galloway v. McKeithen, 5 Ired. 12; Matson v. Grant, 2 How. 263; see also Freeman on Judgments, par. 100.

There is no limit of time within which the amendment may be made.    1 Freeman on Judgments 103; Dunham v. South Park Comm., 87 Ill. 185; McClure v. Bruck, 43 Minn. 305; Krim v. Kessing, 89 Cal. 478; Walton v. Preson, 85 N. C. 34; Sedewer v. Coons, 83 Ind. 183; Whelby v. Smith, 50 Iowa 543; White v. Blake, 74 Me. 489; Seiler v. Bank, 86 Ky. 125.

When an entry is amended it is merely perfected evidence of what, in contemplation of law, existed from the time

judgment was pronounced, and for most purposes the judgment will be given effect as if no error or omission had occurred in its original entry. 1 Freeman on Judgments, Sec. 74; Adams v. Wiggins, 23 Fla. 13; Griffiths v. Seers, 112 Pa. St. 523; King v. Burnham, 129 Mass. 598.

The entry of judgment *nunc pro tunc* is always proper when a judgment has been ordered by the court, but the clerk has failed or neglected to copy it in the record. 1 Freeman on Judgments, 161; Hagler v. Mercer, 6 Fla. 721; Howell v. Morlan, 78 Ill. 162; Franklin v. Mendo, 50 Cal. 289; Fulton v. Fulton, 8 Abb. N. C. 210; Hansbrough v. Fudge, 80 Mo. 307; Forbes v. Novra, 63 Miss. 1; Whorley v. R. R., 72 Ala. 20; Adyrlatt v. Brittain, 29 Kan. 98; Whittiker v. Gee, 63 Tex. 435; Reed v. Morton, 119 Ill. 118.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a case of horrible injury. Even the photograph of the dismembered appellee which the record contains, arouses the feeling that the railway, by whose machinery he was mangled, should, whether in fault or not, do what money can do, to mitigate his misery.

But if human testimony is to be weighed with any regard to its value, it is conclusively proved that his most unhappy condition is the result of his boyish inclination, leading him to catch upon the ladder of a passing freight car, from which falling, the wheels passed over him. The evidence fills more than eight hundred pages of the record and any collation of it, however thorough, would only prove what must be accepted on our statement, that we have studied it.

We shall therefore reverse the judgment with a finding as a fact, that the injuries of the appellee were occasioned by his own carelessness, and not by any negligence of the appellant.

Such a finding is merely an end of this suit; it is a justification for not remanding the cause, but it is no bar to a new suit. This proposition has never been decided in this State, only discussed here in Union National Bank v. Manistee Lumber Co., 43 Ill. App. 525.

There is another reason why this case is not remanded;

the suit can not be prosecuted.   It was once dismissed, and many terms afterward, against the objection and over the exception of the appellant, reinstated.

We will not go through the prolix proceedings; simply saying that the court had not jurisdiction to reinstate the suit except by consent of the parties.   The judgment is reversed.

Mr. PRESIDING JUSTICE WATERMAN.

My assent to the reversal of the judgment of the Circuit Court is based entirely upon my conclusion that the court below had, after the expiration of the term at which the cause was dismissed, no authority to reinstate the same.