## West Chicago Street Railroad Company v. Norma Boeker.

1. VERDICTS—*Must be Sustained by the Evidence.*—The court discusses the evidence, and holds that it does not sustain the verdict, and that the judgment must be reversed.

2. NEGLIGENCE—*Showing Necessary, in Suit Based on.*—With the abrogation of the doctrine of comparative negligence, the old law is reinstated, and a party seeking to recover damages for negligence must show that his own negligence did not concur with that of the other party in producing the injury.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1897. Reversed with finding of facts. Opinion filed April 15, 1897. Rehearing denied. Opinion filed May 6, 1897.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

JAMES B. McCRACKEN and ALBERT M. CROSS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for personal injury received by reason of a collision between a cable car of the appellant and a phaeton drawn by two ponies which she was driving on Sunday evening, October 16, 1892.

The hour is not definitely fixed by the evidence, but it is pretty certain that it was after sunset and getting dark. The headlight on the car was lighted. She was driving south on California avenue when she saw the car going east on Madison street. Those streets cross at right angles. On Madison street was a double-track railway, and the car was on the south track. When the car was about one hundred and fifty feet west of her line of travel, she stopped with the heads of her ponies at the north rail of the north track.

The gripman of the cable car stopped the car at the same time, because he heard the rattle of the phaeton approach-

ing. Then each seeing that the other had stopped, both started again, and the car caught the hind wheel of the phaeton, causing the injury complained of.

It is only because the appellant is a railroad that it can be pretended that the collision was without contributory negligence on her part which bars a recovery. L. S. & M. S. Ry. v. Hessions, 150 Ill. 546; N. C. S. R. R. v. Eldridge, 151 Ill. 542.

She testified that when she saw that the car had slackened up she started the ponies up—"just let the lines go and kind of started them—spoke to them and started to cross."— " was watching the horses, and didn't look at the car; paid no attention as to how it was coming, what rate of speed it was coming, or how near to me it had arrived."

Her cousin, a young man riding with her, testified : " When our horses' heads were north of the north track I had the opportunity to look both ways and see what was going on, and did so; yet I told my cousin to drive ahead. I thought I could make it, because I saw the car slack up when I told the young lady to drive across there; I knew that was a new team and was afraid of them; was afraid they might get scared at the car, but they did not, and I told her to go across, because I thought there was sufficient time to get over."

The distance each had to travel demonstrates that the car must have started before the phaeton did. The occupants of the phaeton could see the movement of the car, for it was lighted.

The phaeton could be but dimly seen in the obscurity.

The judgment is reversed and the cause is not remanded.

A finding of facts will be made and entered.

Reversed and finding of facts made and entered.


MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

ON PETITION FOR REHEARING.

It is hard that a young woman who has sustained severe injury by a force controlled by a corporation should alone suffer, even though she negligently went in the way of that

force. While the doctrine of comparative negligence was in force in this State, some color of a justification of such a verdict as was here rendered could be presented; but with the abrogation of that doctrine—as shown by the cases cited in the original opinion—the old law is reinstated, that a party seeking to recover damages for negligence, must show that his (or her) own negligence has not concurred with that of the other party in producing the injury. Aurora Branch R. R. v. Grimes, 13 Ill. 585.

There is no evidence that the injury to the appellee was willfully or wantonly inflicted; it was simply the result of the appellee and the gripman each assuming that the other would wait at the crossing; and had the appellee exercised ordinary care, she would have seen, before she started, that the gripman had not waited, but had already started.

The original brief of the appellee says that at the time both stopped the gripman could not see the appellee. As to the presumed degree of light at 6 p. m., October 16th, it must be remembered that Chicago time, since railway time has been adopted, is nearly ten minutes slow, and 6 p. m. was more than fifty minutes after sunset.

The petition is denied.

This disposition of this case is no bar to another suit. Chicago F. & B. Co. v. Rose, No. 6836, filed March 8, 1897.

Whatever the inference from Borg v. C., R. I. & P. Ry., 162 Ill. 348, the question of a bar to another suit was not in that case, and the statute and uniform law of centuries are of higher authority than an inference.