MARY M. COKER

*v.*

THE WABASH RAILROAD COMPANY.

*Opinion filed December 18, 1899.*

</div>

1. APPEALS AND ERRORS—*when Appellate Court's recital of facts is conclusive.* A recital in the judgment of the Appellate Court reversing a judgment in an action for negligence, that from the evidence in the case "the breach of duty alleged in the declaration was not the proximate cause of the injury to appellee for which she seeks to recover," is conclusive of the rights of the parties where the question of proximate cause was the only one involved.

2. SAME—*Supreme Court cannot determine whether Appellate Court's recital of facts is right or wrong.* Whether the recital of facts in the Appellate Court's judgment reversing a judgment at law is right or wrong cannot be determined by the Supreme Court, as the only question for decision in such case is whether, on the facts so found, the law authorizes or precludes a recovery.

*Wabash Railroad Co.* v. *Coker*, 81 Ill. App. 660, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

ROBERT H. PATTON, for plaintiff in error.

GEORGE B. BURNETT, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In this action plaintiff in error claims damages from defendant in error for a personal injury, alleged to have been caused by its wrongful and negligent act. She recovered a judgment in the circuit court of Sangamon county for $1500, which, on appeal, the Appellate Court reversed without remanding the case, incorporating in the judgment a special finding of facts. To reverse that judgment this writ of error has been sued out.

The declaration is of three counts, the first alleging that plaintiff, on August 13, 1896, was riding in a carriage drawn by a horse upon a public highway, and that one McKeown was then and there in a certain other carriage drawn by a horse on the said highway, at a certain crossing of the highway and the railroad of defendant, "and the defendant had cars and locomotive engines in charge of servants who unlawfully and negligently, and contrary to the form of the statute then and there provided, left the cars across the said highway and obstructed the same for a longer period of time than ten minutes, and thereby then and there prevented the plaintiff and the said McKeown from proceeding along the said highway across the said railroad, and while said cars were unlawfully obstructing said public highway and were negligently and unlawfully retaining the plaintiff thereon for a longer period than ten minutes, the servants of the defendant ran their locomotive into said cars and frightened the horses of said McKeown, so that said horses then and there became unmanageable and ran into the carriage of plaintiff where she was retained and held on said highway, and was thrown to the ground and injured, while exercising due care and caution." The other counts

are not materially different, so far as the question for our decision is involved.

The question upon the trial was whether or not the alleged wrongful act of the defendant was the proximate cause of the injury, and that question was properly submitted to the jury as one of fact. *City of Rock Falls* v. *Wells*, 169 Ill. 224.

The Appellate Court in its final judgment of reversal recited therein the following finding of facts: "And the court finds as a fact, from the evidence in the case, that the breach of duty alleged in the declaration was not the proximate cause of the injury to appellee for which she seeks to recover." Under section 87 of the Practice act this finding of facts is final and conclusive of the question in controversy, and leaves only for our determination whether or not, upon the facts as found, the law authorizes or precludes the recovery. We said in *Williams* v. *Forbes*, 114 Ill. 167, after quoting the statute: "This language needs no interpretation, and it is impossible, by construction, to import a meaning into it not apparent upon its face. We can add no words to make its meaning more intelligible. The decision of the Appellate Court in such cases being conclusive as to all matters of fact, we cannot review them. Whether the finding of that court is right or wrong, that is the end of it, and so we have expressly held in *Harzfeld* v. *Converse*, 105 Ill. 534,"— also citing other cases. After citing that case with approval, in *Hancock* v. *Singer Manf. Co.* 174 Ill. 503, we said: "There is therefore but one question properly before us on this record, and that is, whether, on the facts as found by the Appellate Court, the law authorizes or precludes a recovery." There is no claim here that the appellant could recover under this finding of facts, but the insistence is that the finding is wrong and not conclusive on this court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*