## William W. Durham v. Wilson H. Stubbings.

### Gen. No. 4175.

1.  FORM OF ACTION—*how determined.* The form of action is to be determined from an examination of the declaration filed in the cause.

2.  CONTRACT—*when made by an agent.* When a contract is made for the principal by his agent, it is that of the principal, and where the fact of agency is known to the party with whom the contract is made and the agent acts within the scope of his authority, such agent incurs no personal responsibility.

3.  DISMISSAL OF SUIT—*effect of, at law.* The dismissal of an action at law does not bar another suit for the same cause of action.

4.  DISMISSAL WITHOUT PREJUDICE—*not recognized at law.* A dismissal without prejudice is a practice not proper at law.

5.  REMANDMENT—*when ordered.* A cause will be remanded where it appears from the record that the plaintiff may have a right of action against the defendant and to reverse without remanding might produce complications.

Trespass on the case. Error to the Circuit Court of DuPage County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed October 8, 1903.

HOPKINS, DOLPH & SCOTT and S. L. RATHJE, for plaintiff in error.

J. F. SNYDER and CHARLES H. WAYNE, for defendant in error.

MR. JUSTICE FARMER delivered the opinion of the court.

The trial of this case in the court below resulted in a verdict for defendant in error for $54,143.75, upon which the court after overruling motions for new trial and in arrest, rendered judgment. Defendant in error has filed no brief in this court, but has filed a confession of the errors assigned and asks that the case be reversed and remanded with directions to the Circuit Court to dismiss the suit on motion of plaintiff in that court without prejudice and at plaintiff's cost. To this plaintiff in error objects and insists that the case be reversed and not remanded.

After the verdict was returned plaintiff below asked and

was granted leave to amend praecipe, summons and declaration from case to assumpsit by "striking out the words trespass on the case and inserting in lieu thereof the word assumpsit," but no amendments were in fact made. Counsel for plaintiff in error have however treated the case as though the amendments were made and say " the action is now in assumpsit." Two declarations were filed before the cause was tried. The original declaration declared on a verbal contract with defendants of date December 24, 1900. The amended declaration counted on a written contract of date May 4, 1900. Otherwise they are substantially the same. As we understand them neither is in case but both are in assumpsit. The introductory part of the special count in each declaration reads something like a declaration in an action on the case, but each consists of one special count upon a promise to pay money for the non-performance of a contract to which are added the common counts. Counsel seem to be of the impression that the form of the action is determined by the use of the words, " trespass on the case," in the commencement of the declaration. " The action of assumpsit, so called, is an action on the case, and is properly entitled an action of trespass on the case. To determine the cause of action, whether for a tort or on promise, we must look to the declaration." Carter et al. v. White, 32 Ill. 509; Sherburne v. The Tobey Furniture Co., 91 Ill. App. 615. We think an examination of the substance of the declarations in this case clearly shows that they were in assumpsit. Before the trial was had plaintiff below dismissed the suit as to Petruella Durham and the cause proceeded to judgment with W. W. Durham as the sole defendant. The declaration alleges that the contract described therein " was made by and between the plaintiff and the defendants." Plaintiff below testified that the defendants had possession of the contract and that he had no copy thereof; that it was signed, Petruella Durham by W. W. Durham her attorney in fact, in his presence. We fail to see how plaintiff could maintain an action against W. W. Durham on a contract or

agreement of Petruella Durham, to which her signature was attached by W. W. Durham as her attorney in fact. A contract made for the principal by his agent or attorney in fact is the contract of the principal and not of the agent or attorney in fact, and where the fact of his agency is known to the party with whom he is contracting and he acts within the scope of his authority, the agent incurs no responsibility. On the trial of the cause a short memorandum contract made and signed by W. W. Durham was introduced in evidence. It was not the contract sued on and no recovery was asked on account of it, and while we express no opinion as to whether defendant in error may or may not have a right to maintain an action against defendant in error on account of that contract, yet we do not feel that it would be proper for us by reversing and not remanding the case to add to the possible complications which might arise, if defendant in error has any right of action on that account and should seek to enforce it.

That there was error in the trial of the cause in the court below and that the judgment must be reversed is quite apparent. But as the only question for our determination is, what, if any, directions should be given to the court below by the judgment of this court, we see no good purpose that would be served by a discussion of the errors assigned or of the merits of the case in this opinion.

The dismissal of a suit at law by the plaintiff is no bar to another suit for the same cause of action. We are not familiar with any practice authorizing the dismissal of suits at law " without prejudice," and do not feel called upon to give the trial court any directions as to what further proceedings shall be had in the case when it goes back to that court. Neither do we believe, after a careful investigation of the case, that the judgment should be reversed without a remanding order. It is the judgment of this court, therefore, that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*