## Thomas B. Larkins v. Terminal Railroad Association of St. Louis.

1. STATUTE OF LIMITATIONS—*section 25 construed*. This section of the Statute of Limitations which provides that " if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; * * * then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after," has *no application to a judgment of reversal with a finding of facts entered by the Appellate Court pursuant to section 87 of the Practice Act.*

2. RES JUDICATA—*when judgment of Appellate Court is*. A judgment of reversal with a finding of facts entered by the Appellate Court is conclusive of the cause of action and bars a subsequent suit instituted thereon.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

F. C. SMITH and M. MILLARD, for appellant.

J. M. HAMILL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On June 28, 1901, appellant Thomas B. Larkins, while in the employ of appellee as foreman of a switching crew, and engaged in the work for which he was employed in appellee's switching yards in East St. Louis, was knocked down and injured by a moving car. Larkins afterwards commenced suit and obtained judgment against appellee for the injuries which he had sustained. Appellee took an appeal to this court, where the judgment was reversed, with a finding of facts, stating " that the negligence alleged in the declaration was not the proximate cause of the injury complained of, that the plaintiff was guilty of negligence which contributed to the injury, and that the injury suffered was incident to the business in which the plaintiff was engaged,

the risk of which he assumed." Terminal R. R. Ass'n v. Larkins, 112 Ill. App. 366.

Larkins filed a petition in this court for a re-hearing of the cause, which was denied. Afterwards, on February 26, 1904, he commenced another suit upon the same cause of action. To the declaration, which consisted of two counts, appellee filed a plea of the general issue, and two special pleas, one setting up the former judgment of this court as a bar to the action, and the other the Statute of Limitations of two years.

Appellant filed a general demurrer to the plea, relying upon the former judgment and a replication to the plea of the Statute of Limitations. The replication stated that plaintiff had before that time, recovered a judgment on the same cause of action in the trial court, which was reversed in this court and set out the judgment of this court in full, and that this suit was commenced within one year from the time said judgment was so reversed.

To this replication defendant filed a rejoinder, setting up the proceedings in the case in this court, together with the finding of facts, as a bar to appellant's right to recover. To this rejoinder, appellant demurred. The court overruled both of the demurrers and the plaintiff below excepted and appealed to this court.

The only question presented to us is whether the former judgment of this court, reversing the previous judgment of the court below, with a finding of facts, was or was not a bar to a recovery in this suit, upon the same cause of action. Appellant relies upon section 25 of the Statute of Limitations, which provides that, " If judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; * * * then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Appellant calls attention to the case of Stubbings v.

Durham, 210 Ill. 542, as holding, that a judgment is not an estoppel or bar to matters arising out of the action where it has been reversed by a court of review. The court in its opinion in that case, after referring to a former suit in assumpsit between the same parties in which there had been a judgment against one of them, an appeal to the Appellate Court and a reversal of the judgment, said: "Therefore nothing was finally adjudicated by the verdict and judgment which was entered in the Circuit Court of DuPage County in said cause, and there was neither a bar nor an estoppel created thereby." An examination of the case referred to, however (Durham v. Stubbings, 111 Ill. App. 10), reveals the fact that not only was the judgment reversed but the cause was remanded; consequently the case has no application to the one at bar.

In the case of City of Spring Valley v. Coal Co., 173 Ill. 497, it is said: "Upon the reversal of a judgment without remanding the cause, there is no judgment whatever except for the cost of the appeal under the statute. There is no judgment for costs or damages or any judgment in the trial court but it is simply reversed and each party is left to pay his own costs. * * * A court of review in this State, at the time the constitution was adopted, had never assumed the power to assess damages or render judgments for the recovery of property or damages, except upon the verdict of a jury, unless the right to a jury had been waived."

The question in controversy there, however, was not the same as the one presented in the case before us. There the question was the right of the Appellate Court to reverse a judgment for the defendant, enter one in favor of the plaintiff and assess plaintiff's damages. This the Supreme Court held could not lawfully be done, saying, "Our practice had been different from that of the common law in respect to the power of a court of review to pass upon the facts, and from the adoption of the act of July 21, 1837, this court had continuously, in cases where it was deemed proper, reversed the judgment and refused to remand the cause

for another trial. It was therefore held that the right to a trial by jury, at the time of the adoption of the constitution, was subject to the power of this court, as a court of review, to reverse a judgment for plaintiff without remanding the cause or awarding a *venire de novo* to enable him to present the case to another jury. This power was continuously exercised by this court up to the creation of the appellate courts, when it was conferred upon them subject to the provision for reciting the facts found. The right to a trial by jury did not include the right to successive trials, where it was clear that in the end there could be no recovery which could be permitted to stand."

In 24 Am. & Eng. Ency. of Law (2nd ed.) 812, cited in Stubbings v. Durham, *supra*, the doctrine is laid down that "As a general rule, the judgment of an Appellate Court reversing a judgment, decree, or order of a trial court, does not purport to be final or to pass upon the merits of the controversy, and hence does not operate as *res judicata*, but leaves the parties in the same position as they were before judgment of the lower court was rendered."

The Illinois cases cited in support of this doctrine, are three in number, two of them being Supreme Court cases where the cause was remanded so there could of course be another trial, and the third being the case of C., R. I. & P. Ry. Co. v. Berg, 57 Ill. App. 521 (affirmed 162 Ill. 348), which will be hereafter referred to.

The above quotation from the American & English Encyclopedia of Law is however followed immediately by the following statement: "Where, however, the Appellate Court has reversed for causes going to the merits and the reversal shows an intention finally to decide the case upon the merits, the judgment then has all the characteristics necessary to constitute it *res judicata*."

Appellee relies upon section 87 of the Practice Act, which provides : "If any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy, dif-

ferent from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause." Appellant contends, however, even though there may be a finding of facts by the Appellate Court, yet the reversal of the judgment in such case is not a bar to another action and his position is supported by the language used by the Appellate Court of the First District of this State in four cases.

In Union National Bank v. Manistee Lumber Company, 43 Ill. App. 525, it is said by that court: "While a finding here of the facts after a jury trial contrary to the verdict, may, under section 87 of the Practice Act of 1872, be made the 'final determination of' the cause, in case the judgment below is simply reversed without remanding, yet such judgment is no bar to another action." In that case the question whether a reversal with a finding of facts and no remanding order would be a bar to another action, was not before the court. The expression above set forth was merely a *dictum* of the court and the case was reversed upon an error of law with no finding of facts.

In C., R. I. & P. Ry. Co. v. Berg, *supra*, that court used the following language: "We shall therefore reverse the judgment with a finding as a fact that the injuries of the appellee were occasioned by his own carelessness and not by any negligence of the appellant. Such a finding is merely an end of this suit. It is a justification for not remanding the cause but it is no bar to a new suit. This proposition has never been decided in this State, only discussed here in Union National Bank v. Manistee Lumber Co., 43 Ill. App. 525." The statement that the reversal of the judgment with a finding of facts was not a bar, was again a *dictum* and not involved in the suit, and was followed by another statement giving a reason, based on a former dismissal of the case, why the suit could never be prosecuted.

In Chicago Forge and Bolt Co. v. Rose, 69 Ill. App. 123, the same court stated where a judgment was reversed with a finding of facts without remanding the cause, "This disposes of the present action but it will not be a bar to a future action for the same cause if one shall be brought by the plaintiff." That was again a mere *dictum* as the point was not involved in the decision of the case.

In West Chicago Street Railroad Company v. Boeker, 70 Ill. App. 67, the court said in denying a petition for a rehearing, where a judgment had been reversed with a finding of facts, "this disposition of this case is no bar to another suit." These cases from the Appellate Court of the First District are the only ones we have been able to find in this State, containing language indicating an opinion that, notwithstanding the statute in regard to the finding of facts, a reversal with such finding is not a bar to another suit. On the contrary the Appellate Court for the Third District of this State, in the case of W., St. L. & P. R. R. Co. v. Kastner, 80 Ill. App. 572, where the judgment was reversed and the cause not remanded, the court finding as the facts in the case that plaintiff in error was not guilty of the negligence charged in either count of the declaration, that defendant in error was not in the exercise of due and ordinary care for his own safety when injured, and that his carelessness and want of ordinary care caused him to receive said injuries, uses the following language: "We therefore enter a judgment in this court in this case for the plaintiff in error against the defendant in error *in bar of this action* and for the costs in this court."

It is the contention of appellant, following the import of certain language used in Chicago Forge & Bolt Co. v. Rose, *supra*, that the purpose of the statute in requiring the Appellate Courts to find the facts in certain cases is to enable the Supreme Court to determine from such finding whether the law of the case has been correctly applied; that it was not intended that such a finding should convert a judgment of reversal into an adjudication that would operate as an estoppel; that the finding is only for the in-

formation and guidance of the Supreme Court in acting upon an appeal from the judgment in which such finding is made. In very many cases, however, there can, by reason of the amount involved, be no appeal from the Appellate to the Supreme Court. If, therefore, the finding of facts by this court is simply to show the Supreme Court the reasons moving the Appellate Court to the action taken by it in such a case, what is the effect of the statute upon those cases in which no appeal can be taken from the Appellate to the Supreme Court? It must follow from such a construction of the statutes that in such cases the judgment of the Appellate Court is final and *res judicata*, while the same rule does not apply to cases in which an appeal may be taken. The statute, however, is general in its terms, making no distinction between the different classes of cases above referred to but appears to be alike applicable to all cases in which the Appellate Court makes a finding of fact. The statute says plainly and without any equivocation, in cases where there is a reversal based wholly or in part upon the finding of facts, different from the finding of the trial court: " It shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause." The reading of the statute is not that the finding of the facts and the judgment of the Appellate Court shall be final and conclusive upon the Supreme Court, in passing upon the case in appeal, but that it shall be final and conclusive as to all matters of fact in controversy in such cause. The contention of appellant that to hold such a judgment final would be in effect to deprive appellant of his constitutional right to trial by jury, does not appear to us to be well taken. Our Supreme Court has repeatedly held that the section of the statute, now under consideration, does not contravene that provision of the constitution which guarantees that " the right of trial by jury as heretofore enjoyed shall remain inviolate."

Larkins v. Terminal R. R. Ass'n of St. Louis.

In City of Spring Valley v. Coal Company, *supra*, it is held: " Section 87 of the Practice Act authorizes the final determination of a case by the Appellate Court as a result, wholly or in part, of finding the facts concerning the matter in controversy different from the finding of the court from which the case is brought, provided the Appellate Court shall recite in its final judgment the facts as found. * * * The provision was held to be constitutional and valid, and to apply to cases where the issue was tried by a jury. Siddall v. Jansen, 143 Ill. 537; Neer v. Illinois Central Railroad Company, 151 Ill. 141."

In Earnshaw v. Western Stone Company, 200 Ill. 220, the court said: "It is, however, contended that the Appellate Court had no power to reverse said cause without remanding the same for a new trial, and it is insisted that the statute which authorizes the Appellate Court to make a finding of fact and provides that such finding shall be binding upon this court, is in conflict with the constitution of this State and the constitution of the United States, and is, therefore, void, and that such finding of fact should not be treated as binding upon this court in its final determination of the case. The method of procedure followed by the Appellate Court in this case is legal and in accordance with a long line of decisions heretofore made by this court, and is now too firmly established to be challenged or overturned." It has also been held by our Supreme Court that the right of trial by jury as it was enjoyed at the time of the adoption of the present constitution, was not the right of an indefinite number of jury trials in the same cause, where an Appellate Court on a review of the case should find that a recovery would be a mere perversion of justice; that such right of trial by jury was never deemed to be invaded by the reversal of a cause without remanding it for another trial; that parties still have the right· to submit controversies of fact to the consideration of a jury and the successful party gains all the advantages and benefits following a verdict under the well-established rules of the courts, arising from superior oppor-

tunities to judge of the credibility of witnesses; but when, with all the advantages accorded to them, it appears to the Appellate Court that there cannot be a recovery which should be allowed to stand, no constitutional right is invaded by a refusal to remand the case for successive trials, which must necessarily be followed by successive reversals. Borg v. C., R. I. & P. Ry. Co., 162 Ill. 348.

In Harzfeld v. Converse, 105 Ill. 534, where the judgment had been reversed with a finding of facts by the Appellate Court the doctrine is laid down that " the action of the Appellate Court in refusing to remand the cause, must be treated as, in effect, rendering a final judgment in that court on the merits of the case independently of any action or ruling of the Superior Court on the trial of the case, otherwise there could be no appeal from its decision. If it were merely a judgment of reversal and not a final judgment in the sense that term is used in the statute, it is plain no appeal would lie to this court."

In Coker v. Wabash R. R. Co., 183 Ill. 223, it was said: " The Appellate Court in its final judgment of reversal recited therein the following finding of facts, ' and the court finds as a fact, from the evidence in the case, that the breach of duty alleged in the declaration, was not the proximate cause of the injury to appellee, for which she seeks to recover.' Under section 87 of the Practice Act this finding of facts is final and conclusive of the question in controversy and leaves only for our determination, whether or not, upon the facts as found, the law authorizes or precludes the recovery."

To the same effect are Williams v. Forbes, 114 Ill. 167, and other cases.

A literal construction of the statute in question no more interferes with the right of trial by jury, than does our rule of practice which permits the trial court to direct a verdict or the old common-law rule which permits the court to enter judgment in certain cases *non obstante veredicto*. If the trial court could and should have exercised its right to direct a verdict upon the trial, the Appellate Court may

upon appeal exercise the right of finding the facts, and the Appellate Court in rendering the judgment that should have been entered in the trial court, will no more invade the province of the jury, than would the trial court if it had directed what verdict the jury should return. Commercial Ins. Co. v. Scammon, 123 Ill. 601. If the court below had directed the verdict in favor of defendant and it had not been appealed from, it would have been final and the cause would have been *res judicata.*

It would be inconsistent to hold that the judgment of the Appellate Court upon the facts in a case like this, where it is made final by statute, should not also be *res judicata.*

We conclude that where an Appellate Court has reversed a judgment for causes going to the merits and the reversal shows an intention finally to decide the case upon the merits, such judgment is a final one upon the facts constituting the cause of action and has all the characteristics necessary to constitute it *res judicata;* that our statute upon the subject, declaring that it shall be the duty of the Appellate Court to recite in its final order, judgment or decree in such cases, the facts as found, and that the judgment of such court shall be final and conclusive, as to all matters of fact in controversy in such cases, is intended to be final and to preclude any further litigation concerning the matters constituting the same cause of action.

We do not agree with the contention of appellant that the Statute of Limitations above referred to, authorizing a new action to be brought within one year, after judgment is reversed, gave him the right to institute this suit, notwithstanding the former reversal with finding of facts. That act was not intended to give any new right of action which had not formerly existed, but simply to stay the running of the Statute of Limitations in the instances mentioned. The act empowering the Appellate Court to find the facts and making its judgment final and conclusive, as to all matters of fact in controversy in the case, was passed subsequently to the Limitation Act above referred to, and should prevail in all cases of direct conflict between the two acts.

In the case of Bonney v. Stoughton, 122 Ill. 536, it was held that where judgment had been entered in a case in bar of the action in a court of competent jurisdiction, that portion of the Limitation Act which provides, that when during the pendency of a suit the statutory period of limitation passes, and plaintiff is afterwards non-suited, he may sue again within one year from the time of such non-suit, was not applicable to the case.    Since the passage of section 87 of the Practice Act, section 25 of the Limitation Act cannot consistently be held to have applied to cases reversed by the Appellate Court without remanding, where there has been a final adjudication upon the facts constituting the cause of action.    By giving such a construction to the two statutes they will, to some extent, harmonize, and section 25 of the Statute of Limitations will still apply, to cases where there has been no final adjudication upon the facts. To hold otherwise would be to cause endless confusion, and to permit the bringing of suit after suit upon a cause of action which has been determined to be without merit and upon which there cannot possibly be any final recovery by the plaintiff.

The judgment of the court below in sustaining the demurrers above referred to will be affirmed.

*Affirmed.*