# IN GENERAL TERM, 1872.

MARY GILLESPIE ET AL *v.* MICHAEL SPLAHN, Appellant.

Where the record of a judgment shows that process has been served on the defendant, an omission to enter of record a default will not render the judgment inadmissible in evidence against the defendant.

A certificate made by a Sheriff of the sale of real estate on an execution, is assignable, and will authorize the Sheriff to make a deed to the assignee.

The return of a Sheriff upon an execution as to matters required to be returned in the discharge of his official duties, can not be contradicted by the Sheriff, nor by the parties to the execution, by parol evidence, except in a direct proceeding.

Where it is shown by return, that a summons has been served in accordance with the provisions of a statute, the party served can not, in a collateral proceeding, show by parol that he had no notice of the action in which the summons issued.

An innocent purchaser of property, sold at Sheriff's sale on an execution, can not be effected by an irregularity in the issuance of the execution.

*Barbour & Jacobs,* for Appellant.

*McDonald, Butler & McDonald,* for Appellee.

BLAIR, J.—This is a suit to recover possession of certain real estate, and damages for the detention of the same.

The defendant answered in two paragraphs. First, a general denial, and second, that the plaintiff claims title by virtue of a deed from the Sheriff of Marion county upon the foreclosure of a mortgage given by the defendant to one Timothy Splahn; that the mortgage was drawn up by Christopher Werbe, and William V. Burns, who the defendant understood to be attorneys, and purported to be given to secure the payment of fourteen hundred dollars, but was in fact only given to secure a loan of seventy dollars; that the false amount was inserted in the mortgage by the advice of defendant's attorney, as the best means of securing to defendant "his house, and lot in case of an anticipated domestic difficulty, which fortunately did not prove to be serious, and no occasion ever occurred to use the mortgage for any other purpose than to secure the loan of seventy dollars," and it was not made to defraud any creditor, or any other person. That the mortgage was left at the Recorder's office, and duly recorded, and that he fully paid the mortgage before it was foreclosed; that one Wm. V. Burns, without any assignment of the mortgage, and without the knowledge, or consent of the mortgagor, or mortgagee, fraudulently procured the mortgage from the Recorder's office, and put it in suit, and prosecuted it to a final decree without the consent, or knowledge of the mortgagee, and the defendant says he never had any knowledge, or notice of the suit; that he was at the commencement of the suit, and for a long time thereafter, absent from Marion county, and if any summons was

served by leaving copy at his residence, it was lost, or destroyed, and never came to his knowledge. The decree was rendered on the 6th day of October, 1866, and decree issued on the 7th day of February, 1868, and mortgaged property was sold on the 7th day of March, 1868, on a bid made in name of Chas. Coulon by said Burns, Burns, and Coulon knowing at the time that the mortgage had been paid, and the decree obtained fraudulently, and Coulon assigned the certificate to Mary Gillespie ; that defendant did not know the property was advertised for sale, or sale made until a year after the sale was made; that he has resided upon the property at all times since the mortgage was made, and could have told any one enquiring that the mortgage had been satisfied, and Mary Gillespie could not, and did not acquire any greater right than Coulon, and Coulon never paid any portion of his bid of $500, and the deed was made to Mary Gillespie before he knew of the sale, wherefore defendant prays that the claim of plaintiff, which is a cloud upon his title, may be removed, and judgment decree, and sale declared void, &c.

A demurrer being overruled to this answer, the plaintiff filed a general denial to the same.

The cause was tried before a jury, and a verdict returned for the plaintiff for possession of the real estate, and damages for its detention.

A motion of the defendant for a new trial was overruled, and excepted to, and judgment rendered on the verdict.

The first error complained of is the admission in evidence, over the objection of the defendants, of the record of the case of Timothy Splahn against Michael Splahn, and wife, the copy of the decree, and execution, and the deed of the Sheriff of Marion county to Mary R. Gillespie, the plaintiff.

The objection to the record was that it was incompetent, irrelevant, immaterial, and insufficient, and because it was not made within the time required by law. It is urged that

the record does not show that the defendant was defaulted, or that a rule was taken against him for an answer. It being shown that there was service upon the defendant by leaving a copy at his last, and usual place of residence, the omission to enter a default is immaterial, and no rule for answer could have been entered unless there was an appearance for the defendant. The gist of the defense in this action seems to be that the defendant did not appear to the former suit, or have actual notice of the suit; and hence we think the evidence was properly admitted.

It is urged that the deed of the plaintiff from the Sheriff ought not to have been admitted in evidence, because it is shown that she was not the purchaser at Sheriff's sale, and that the certificate of sale made by the Sheriff to Coulon, the purchaser, is not assignable, and the Sheriff is not authorized to make a deed to an assignee of such certificate, because the statute, "Sec. 372, 2 G. & H., p. 250," directs the deed to be made "to the purchaser," and such certificates are not enumerated among the instruments that are assignable by the first section of the act of March 11th, 1861. It seems to us that the certificate in such case is an instrument by which the Sheriff promises "to convey property," and is, therefore assignable under the provisions of the act cited.

This also seems to be clearly recognized by the act providing for the redemption of real property, approved June 4th, 1861, where it is said the property sold may be redeemed "by paying to the purchaser, his heirs, or assigns, &c., * * the purchase money with interest thereon at the rate of ten per cent. per annum;" and if the property is not redeemed the certificate "shall entitle the holder thereof to a, deed of conveyance to be executed by the officer making the sale at the expiration of one year from the date of the sale." Sec.'s 1, and 2 of the above act, 2 G. & H., p. 251. It is true that the terms of this last cited act would not perhaps make such certificates assignable, if it was clear by the other

acts that it was intended that such certificates should not be assignable, or that the Sheriff could only make a deed to the purchaser; but it must be remembered that certificates were not authorized to be made by sheriffs until after the passage of the last act, which is one for the benefit of the judgment debtor, by withholding a deed from the purchaser for one year, and giving the debtor a chance to redeem the premises, and as the act clearly recognizes the fact that they may be assigned, and a conveyance made to the holder, the objection urged is untenable. To hold otherwise would in many cases be a hardship on the purchaser without any corresponding benefit to the judgment debtor.

The next error complained of is the exclusion of evidence offered by the defendant to show the falsity of the return of the Sheriff, as to the payment of the purchase money bid at the Sheriff's sale, that Charles Coulon was the highest bidder, and that the real estate was sold to Coulon. These were material facts, necessary to be shown by the return, and the return being complete, it became, and is record. *Hobson* v. *Doe,* 4 Blackf., 487; 2 G. & H., 259, Sec. 517. The plaintiff had received the certificate of sale made by the Sheriff to the person shown by the record to be the purchaser, and the transaction was completed by the making of the deed to the plaintiff. While it may be true that the holder of a certificate by assignment, before the execution of a deed is not such an innocent purchaser, and so far protected as an assignee, but that the judgment debtor might show that the purchaser did not pay his bid, or that the assignor was not really a purchaser, (points, however, which we do not decide,) we are satisfied that the proposition to contradict the return by parol evidence in this collateral way, comes too late, the conveyance having been made, the return being in all respects regular on its face, and the entire transaction completed without any notice to the holder of the certificate previous to, or at the time of the purchase of the certificate,

or the making of the deed, that the return was false in any particular.

There is no evidence in the record, nor does it show that any was offered to be given tending to show that the plaintiff had any notice that the return was false.

There is some uncertainty in the adjudicated cases as to the rights of parties to contradict the return of a sheriff upon material matters required to be returned in the discharge of his official duties, but we think it may be considered as settled that neither the sheriff, nor the parties to a judgment, like the case at bar, can contradict the return except by a direct proceeding. Herman on Estoppel, 52, 53, 230, 179, and authorities there cited. The case cited by defendant, of *Owen* v. *Ranstead*, 22 Ill., 191, was a direct proceeding to enjoin the collection of a judgment by execution, the plaintiff averring that there was a defect in the service of process, and that the return was untrue, and that he did not owe execution plaintiff. The case is not, therefore, an authority in support of the position claimed by the defendant.

The rule may seem a harsh one in a case like the one at bar, where there would seem to be many equities in favor of the defendant, but if he has slept upon his rights until the property has passed into the hands of an innocent purchaser, it is not reasonable that the innocent party should suffer loss on account of the negligence of the defendant, or of a fraud practiced by those who were placed in a position to perpetrate the fraud by the defendant.

It is claimed that the Court erred in excluding the evidence offered to be shown by the testimony of the defendant that he was absent from his home in Marion county, and that he had no notice of the suit. The service shown was by leaving a copy of the summons at the last usual residence of the defendant, conforming in all respects to the requirements of the statute, and hence was sufficient service, and the evidence offered was rightly excluded.

The next error complained of was the offer of the defendant to prove by Timothy Splahn, the execution plaintiff in the case in which the property was sold, that he never authorized an execution to issue, nor did he hear that one was issued until after the sale. The plaintiff standing in the position of an innocent purchaser, could not be affected by the irregular issue of the execution, and hence the ruling of the Court in excluding this evidence was right. *Soles* v. *Harvey*, 20 Ind.

The defendant offered to prove that the mortgage upon which the decree was rendered, and the property sold was given to secure the sum of seventy dollars, and no more, and that the whole amount actually due upon the mortgage, principal, and interest was paid by the defendant, Michael Splahn, to Timothy Splahn, the judgment creditor, before the decree was issued upon which the property was sold. This evidence was excluded by the Court, and excepted to by the defendant. It was distinctly admitted by the parties that at the time the decree issued for the sale of the property the record of the Court did not show any satisfaction of the judgment therein rendered. The decree was for the sum of $1,406.66. As we understand the bill of exceptions, the defendant offered to prove that he never really owed the judgment creditor that much, that he only owed him seventy-six dollars, which amount was paid by the defendant after the decree was rendered, and before the sale was made.

In the first place, this evidence would tend to impeach the original finding, and judgment of the Court, and this could not be done in a collateral proceeding. The amount found to be due by the Court, and for which a judgment, and decree was rendered in favor of the plaintiff in this cause, would be conclusive against the defendant until reviewed, or set aside by a direct proceeding.

Our attention has been called to the case of *Wood* v. *Colvin*, 2 Hill, 566, as an authority to show that although a

judgment may on the record be unsatisfied, yet if has actually been paid by an arrangement between the parties, a sale after such payment would be without authority, and even a *bona fide* purchaser would in such case acquire no title.

An examination of the case does not, however, sustain this position. There was in that case no *bona fide* purchaser, for the purchaser himself was a party to the transaction by which the judgment had been paid, and hence the statement of the judge is not authority. This was followed by the case of *Cameron* v. *Irwin*, 5 Hill, 372, where Cowen, Judge, followed the dicta in the former case of *Wood* v. *Colvin*, and asserted the same principle, although in the case before him it was not necessary to the decision of the question before the Court. In the later case of *Warner & Loop* v. *Blakeman et al*, 36 Barbour, 501, the dicta of the former cases was overruled, and a different principle announced.

In the case of *Laval et al* v. *Romley*, 17 Ind., 36, the case of *Wood* v. *Colvin supra* is cited as authority for the same dicta, for in the case then before the Court Romley was the purchaser, and he himself had extinguished the debt upon which the property was sold. Even in the case of *Wood* v. *Colvin* it is admitted that if there is some fault on the part of the judgment debtor, the rule would not apply. This is obvious from the fact that if there has been negligence on his part it would be wrong to impose the consequences of that negligence upon a person in no way shown to be at fault. An application of the dicta in the case of *Wood* v. *Colvin* to all cases would enable judgment creditors, and judgment debtors to wrong innocent parties, and leave them without remedy. And this principal is sustained by the case of *Warner & Loop* v. *Blakeman supra*.

In the case at bar it is shown by the pleadings as well as the evidence that in the original execution of the mortgage there was an intention to deceive, and if it has recoiled upon their own heads they ought not to attempt to throw the loss

upon one not at fault.   We do not, therefore, believe that the position assumed by the defendant is sustained by authority, and the evidence was properly excluded.

Exceptions were taken to the *first, second,* and *third* instructions given by the Court, but as no special objections have been pointed out, and they are in accordance with the rulings upon the evidence here announced, we think they were correct.   So with reference to the *first, second, third,* and *fourth* instructions asked by the defendant, and refused by the Court.

The judgment is affirmed.