### Max Scheldrup v. John V. Farwell Co. et al.

1. MALICIOUS PROSECUTION—*What Necessary to Recovery for.*—In an action for malicious prosecution it is necessary for the plaintiff to prove that the defendant, in the institution of the prosecution complained of, acted maliciously and without probable cause.

**Trespass on the Case,** for malicious prosecution. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

#### STATEMENT OF THE CASE.

Max Scheldrup, the appellant, was, on the 15th day of January, 1894, arrested on the complaint and affidavit of

William D. McIlvaine, the process being served and the appellant taken into custody by a constable with a warrant issued by David J. Lyon, justice of the peace, in and for Cook county, Illinois.

William B. McIlvaine was the credit man for John V. Farwell Company. The appellant was charged with having obtained goods under false pretenses from John V. Farwell Company. The justice discharged Scheldrup and this suit was brought against John V. Farwell Company and William D. McIlvaine for malicious prosecution and false imprisonment.

After the plaintiff's testimony was in, in the trial in the Superior Court, the judge directed the jury to bring in a verdict finding the defendant not guilty.

W. R. CHAMBERLAIN and WING, CHADBOURNE & LEACH, attorneys for appellant.

TENNEY, McCONNELL & COFFEEN, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In an action for malicious prosecution, it is necessary that the plaintiff should prove that the defendant, in the institution of the prosecution complained of, acted maliciously and without probable cause.

There was upon the trial below no evidence of a want of probable cause. The jury were therefore properly instructed to find the defendant not guilty.

The judgment of the Superior Court is affirmed.