## John P. Thomas v. Paul Muehlmann et al.

1. MALICIOUS PROSECUTION—*Conviction Before a Justice of the Peace, When Conclusive upon the Question of Probable Cause.*—When a justice of the peace has jurisdiction to render final judgment in the examination of a criminal charge, and is not simply a committing magistrate, when the hearing is fair, without fraud, the testimony free from perjury and results in the conviction of the defendant, such conviction is conclusive upon the question of probable cause for the prosecution, although on appeal the defendant may be acquitted.

2. SAME—*Suits Not Encouraged.*—The decisions of the courts incline toward the encouragement of criminal prosecutions when they are instituted in good faith, without malice, and for the purpose of punishing violators of the law, and for that reason suits for malicious prosecution are not favored.

3. DECLARATION—*When Defective, Not Cured by Pleas.*—A plea to a declaration which fails to state a cause of action does supply the defect or aid the declaration.

Malicious Prosecution.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed January 7, 1901.

Statement.—Appellant brought suit against appellees for malicious prosecution, and in his declaration, filed December 1, 1894, consisting of two counts, which are practically the same, alleges, after the formal commence-

ment, that the defendants, to injure plaintiff, on August 30, 1893, went before one Wallace, a justice of the peace, "and maliciously and without probable cause complained that the plaintiff obstructed the sidewalk in violation of section 2246 of the revised ordinance of the city of Chicago, and falsely and maliciously and without probable cause procured the said justice to issue a warrant for the arrest of the plaintiff and to have him arrested and imprisoned, and afterward, on the 31st day of August, 1893, taken before said justice and examined as to said supposed offense, 'which said justice, having heard and considered the evidence in said cause with reference to said supposed offense, thereupon adjudged that the plaintiff was guilty of such offense,' and then and there fined him the sum of $5, from which plaintiff appealed to the Criminal Court of Cook County, where a trial was had. The court ordered the jury to return a verdict of not guilty, which was done, and plaintiff was discharged. None of the defendants have further prosecuted plaintiff, but prosecution is abandoned and ended," etc.

The defendants pleaded not guilty, and thereafter, on October 22, 1895, by leave of the court, the plaintiff filed an amended declaration, leave being given for the defendants' pleas to stand as pleas to the amended declaration. The amended declaration is the same as the first count above set out, omitting the words in single quotation marks and inserting in lieu thereof the following words:

" And upon said examination the defendants, and each of them, falsely, and well knowing the same to be false, swore that this plaintiff had, at the time and place mentioned, obstructed said sidewalk, and said justice heard testimony only on behalf of the prosecution and did not give this plaintiff a fair and impartial trial, and did not permit him to be heard by counsel or to introduce evidence on his own behalf, then and there informing him that it would be unnecessary for him to be represented by counsel or to introduce any testimony on his own behalf, as there was no case against him, and thereupon the said justice, having considered the testimony introduced against the plaintiff, adjudged him not guilty, but thereafter and before said justice had

entered his said decision of record, and upon the earnest solicitation of defendants and influenced by said false testimony, said justice entered of record a pretended and false judgment of guilty against the plaintiff."

The defendants also pleaded the statute of limitations to the amended declaration, to which the plaintiff demurred and the demurrer was overruled. The plaintiff, having elected to stand by his demurrer, judgment was entered against him for costs, from which this appeal is taken.

F. A. Woodbury and W. H. Richardson, attorneys for appellant.

Franklin A. Denison and W. H. Fitzgerald, attorneys for appellees.

Mr. Justice Windes delivered the opinion of the court.

The only question presented for decision is as to whether there was error in overruling plaintiff's demurrer to the defendants' plea of the statute of limitations. The determination of this question involves mainly the consideration as to whether the original declaration states a cause of action, and secondly, as claimed by appellant's counsel, the filing of pleas of the general issue thereto admitted its sufficiency, so that the appellees can not now be heard to claim that the original declaration did not state a cause of action.

It seems too plain to require the citation of authority to establish the proposition, that any plea to a declaration, which fails to state a cause of action, can supply such defect. The following, however, may be cited : Reeves v. Forman, 26 Ill. 318; Phelps v. I. C. R. R. Co., 94 Ill. 548–54; I. C. R. R. Co. v. Campbell, 170 Ill. 163; Gould on Pldg., 441, Sec. 36.

The case of Ry. Co. v. Warner, 108 Ill. 538, cited in support of appellant's contention, fails, in our opinion, to sustain it. In that case the declaration was held to be " clearly sufficient after verdict "—was not where the declaration failed to state a cause of action, as here.

As to whether the original declaration states a cause of action, there is some doubt under the authorities. Appellant relies in support of the original declaration upon a citation from 2d Addison on Torts, p. 77, and on two Illinois cases, viz.: Israel v. Brooks, 23 Ill. 575, and Shoonover v. Myers, 28 Ill. 312. The language from Addison is as follows: "A conviction of the plaintiff, by a magistrate, so long as it has not been reversed on appeal, affords a conclusive answer to the charge that the complaint or information which led to it was founded in malice, and was preferred without reasonable or probable cause," and is a correct statement of the law as far as it goes, but is insufficient to sustain appellant's contention. We have examined the authorities cited by the author in support of the text, and find that they support his statement, but not the inference sought to be made, namely, that when there has been a reversal on appeal, the conviction is not conclusive. A review of them is unnecessary.

The case of Israel, *supra*, does not decide the point here under consideration, but only that when one charged with crime is discharged by a magistrate, such discharge is not *prima facie* evidence of a want of probable cause for the prosecution. Nor does the Schoonover case decide the point, but only that where an accused is brought before the magistrate and waives examination and voluntarily gives bail for his appearance to the Circuit Court, he is not thereby precluded from saying that the prosecution was maliciously instituted.

The decisions of the courts incline toward an encouragement of criminal prosecutions when they are instituted in good faith, without malice, and for the purpose of punishing violators of the law, and for that reason suits for malicious prosecution are not favored and have been critically examined. Reynolds v. Kennedy, 1 Wilson, 232; McBean v. Ritchie, 18 Ill. 114; Hurd v. Shaw, 20 Ill. 354; Israel case, *supra;* Barrett v. Spaids, 70 Ill. 408; Angelo v. Faul, 85 Ill. 106; Adams v. Bicknell, 25 N. E. Rep. 804 (Ind. 1890); Albers v. Merchants' Ex. of St. L., 138 Mo. 140 (1897).

It is not, however, a plausible position to assume, that if the discharge of a person charged with crime is not *prima facie* evidence of the want of probable cause for the prosecution, as held in the Israel case, *supra*, the converse of that proposition should also be true, namely, that his conviction should not be conclusive evidence of probable cause for his prosecution. The authorities, however, bearing upon the latter proposition, answer it in the negative, with few exceptions.

As seems to have been held by the learned trial judge, the weight of authority establishes the following in substance, to wit: That when a justice of the peace has jurisdiction to render final judgment in the examination of a criminal charge, and is not simply a committing magistrate, when the hearing is fair, without fraud, and the testimony for the prosecution free from perjury and results in the conviction of the defendant, such conviction is conclusive on the question of probable cause for the prosecution, though on appeal the defendant may be acquitted. Reynolds v. Kennedy, 1 Wilson, 232; Whitney v. Peckham, 15 Mass. 243; Parker v. Farley, 10 Cush. 281; Griffis v. Sellars, 2 Devx. & Batt. (31 Amer. Dec.) 492; Bitting v. Ten Eyck, 82 Ind. 424; Adams v. Bicknell, 126 Ind. 211, and cases cited; Welch v. R. R. Co., 14 R. I. 609; Boogher v. Hough, 99 Mo. 183; Burt v. Place, 4 Wend. 591; Adams v. Bicknell, 25 N. E. Rep. (Ind.) 804; Olson v. Neal, 63 Ia. 216; Livestock Co. v. Butchers' Union, 120 U. S. 141, and cases cited; Cooley on Torts, 2d Ed., p. 214, and cases cited.

Mr. Cooley states the rule thus broadly, p. 214, *supra:*

" If the defendant is convicted in the first instance, and appeals, and is acquitted in the appeal, the conviction below is conclusive of probable cause."

The Griffis case, *supra*, seems to have been thoroughly considered, and sustains the statement of Mr. Cooley. The Indiana cases, as also the later decisions, including Rhode Island, modify the rule as stated by Judge Cooley to the extent that conviction, in the first instance, is conclusive on the question of probable cause, unless it was obtained by unfair means, fraud or false testimony.

The Livestock Co. case, *supra*, seems to have been thoroughly considered, the court being unanimous. After quoting from Payson v. Cassell, 22 Me. 212–16, viz., "If there be a conviction before a magistrate having jurisdiction of the subject-matter, not obtained by undue means, it will be conclusive evidence of probable cause," the court say:

" This seems to reconcile the apparent contradiction in the authorities and states the rule which we think to be well grounded in reason, fair and just to both parties, and consistent with the principle on which the action for malicious prosecution is founded."

Following are some of the reported cases which hold that a commitment by, or conviction before the justice is only *prima facie*, and not conclusive evidence of probable cause. Bauer v. Clay, 8 Kas. 580–5; Ewing v. Sanford, 19 Ala. 605–9; Ricord v. R. R. Co., 15 Nev. 167–80; Hale v. Boylen, 22 W. Va. 234–41; Bacon v. Towne, 4 Cush. 217–36; Gannea v. R. R. Co., 51 Calif. 140; Deimer v. Herber, 75 Calif. 287.

Most of these are cases where the jurisdiction of the magistrate was merely for purposes of examination and commitment to the grand jury.

In the absence of a direct decision of the question by our Supreme Court, we feel constrained to follow what seems to us the weight of authority and the more reasonable rule, and therefore hold that the original declaration fails to state a cause of action, in that it shows that the justice heard the evidence in the cause, it being a matter of which he had final jurisdiction, and found that the plaintiff was guilty of the offense charged against him, and contains no allegation that the conviction was brought about by unfair or fraudulent means or by false or perjured testimony.

The original declaration failing to state a cause of action and the amended declaration having been filed more than two years after the cause of action accrued, the demurrer to the plea of the statute of limitations was properly overruled. Eylenfeldt v. Ill. Steel Co., 165 Ill. 187.

The judgment of the Circuit Court is therefore affirmed.