## Chicago, R. I. & P. Ry. Co. v. Wallace Pierce.

1. MALICIOUS PROSECUTION—*Liability of Railroad Companies.*—A passenger car standing in the yards of the Chicago, Rock Island and Pacific Railway Company at Rock Island was broken into and property stolen from it. The company sent an agent to investigate the matter and to start prosecutions against the guilty parties; a few days later the agent notified the police and they, while passing through such yards looking for tramps and offenders, found a young man in a freight car lying upon a cushion. They asked for his name and he gave them one, but after considerable questioning confessed that the name was fictitious and also that he had beaten his way from Geneseo. The policemen took him to the station, locked him up and informed the agent, who identified the cushion as the one stolen from the passenger car. Upon a statement to him by the policemen he swore out a warrant for burglary of the car; after his arrest upon it the young man procured a continuance until the afternoon of the next day and later got bail. Subsequently, upon the advice of an attorney, the prosecution for burglary was abandoned and one for vagrancy commenced, under which the young man was examined and discharged. *Held*, that under the circumstances there was nothing tending to charge the agent of the company with any improper or unworthy motive or with either legal or actual malice.

2. SAME—*Suits for, Not Favored in Law.*—A citizen who in good faith and without malice, under circumstances strongly tending to show guilt, institutes a criminal prosecution, should not be mulcted in damages because afterward upon a full investigation the suspicious circum-

stances are explained and the innocence of the party accused made apparent. Our courts incline to the encouragement of criminal prose-cutions, when instituted in good faith, without malice, and for the purpose of punishing violators of the law, and for that reason suits for malicious prosecution are not favored.

3. SAME—*Advice of an Attorney as a Defense.*—Where a person, in the act of preferring a charge against a party for burglary, is advised, by an attorney sent by the public prosecutor to assist in the matter, after stating the facts to him, that the charge of burglary could not be sustained but that a charge of vagrancy could be, abandoned the charge of burglary and signed and swore to a complaint for vagrancy as prepared by the attorney upon which such party was arrested, examined and discharged, *held*, that the advice of the attorney given after a statement of the material facts was a protection in swearing out the warrant for vagrancy, and that in so doing the person making the complaint was not actuated by malice.

**Malicious Prosecution.**—Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1901. Reversed, with a finding of facts. Opinion filed October 8, 1901.

JACKSON & HURST and W. T. RANKIN, attorneys for appellants; ROBERT MATHER, of counsel.

WELD & OLMSTED, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was an action for malicious prosecution and false imprisonment, brought by Wallace Pierce against The Chicago, Rock Island and Pacific Railway Company and Michael Carr. Carr was never served with summons, and did not appear as a party. Pierce filed an appropriate declaration, charging that Carr, maliciously and without probable cause, procured his arrest and imprisonment upon charges of burglary and vagrancy, to his disgrace and injury; that he was acquitted of these charges; and that Carr, in these acts, was the duly authorized agent of the railway company, and acting within the scope of his employ-ment. The railway company pleaded not guilty. Plaintiff had two verdicts, and a judgment on the second, from which defendant appeals.

A passenger car standing in defendant's yards at Rock Island was entered and a seat cushion stolen therefrom. Carr was agent for the company to investigate crimes against its property and to start prosecutions against parties guilty of such offenses. This matter was placed in his charge. Ten or fifteen days after the theft he notified the police. On the night of June 28–29, 1900, two policemen were passing through the railway yards looking for tramps and other offenders. On a certain stub track an empty freight car stood with closed doors. They opened one of the doors and found a young man inside on a car cushion. They asked his name and he gave one. After considerable questioning, they found in his pocket a letter addressed to Wallace Pierce, and he then confessed the name he first gave was fictitious. Pierce told the officers he had beaten his way from Geneseo, and that he was going to Davenport and had worked for a street car line there. They found money enough in his pockets to pay for a lodging, and asked why he did not go to a hotel or boarding house, and his reply was that he did not know. This was about 4 A. M. The policemen took Pierce to the station and locked him up. They then went to Carr's room, awoke him, told him what they had done, and directed him to appear at the police station at 9 A. M. He did so. He identified the cushion found under Pierce as the one stolen from the passenger car. The policemen and the chief of police detailed the facts to Carr. He swore out a warrant against Pierce for burglary of the passenger car. Pierce procured a continuance till the afternoon of the next day, and later got bail. The next day Carr abandoned the prosecution for burglary, and swore out a warrant for vagrancy as hereafter stated.

That a burglary had been committed by some one for the purpose of stealing the cushion, and the cushion then stolen, was plain. Pierce was found in possession of the stolen cushion. The unexplained possession of property recently stolen is evidence upon which a jury may convict of larceny, and the unexplained possession of the fruits of a burglary

soon after the crime is committed is presumptive evidence that the party having that possession used the means by which the owner was deprived of it. (Waters v. The People, 104 Ill. 544; Magee v. The People, 139 Ill. 138.) The cushion was found in Pierce's possession ten or fifteen days after it was stolen. How far the rules above stated should apply after that lapse of time depends some upon the kind of property stolen. A car cushion is not an article of general merchandise in a city like Rock Island. Pierce was a trespasser in that freight car that night, and there was nothing to indicate he was honestly in possession of the cushion. He had closed both car doors tightly in mid-summer. This indicated intentional concealment. When asked by the officers of the law, wearing police uniforms, to give an account of himself, he told them a falsehood as to his name, and persisted in it till his falsehood was detected. This naturally inclined them to disbelieve his statement that he got into the car to stay till morning, and knew nothing of the cushion except that he found it there. If guilty of the theft, it was not to be expected he would acknowledge it. His inability to explain why he had not purchased the lodging he had money to pay for, also created an appearance against him. The indications were that he was a tramp and had stolen and hid the cushion in order to furnish him from night to night a comfortable bed upon which to sleep. The police officers had held Pierce five hours without a warrant and had notified Carr to appear at nine o'clock. There was every reason to suppose if Carr did not then take out a warrant Pierce would be discharged. Carr was not required to let the prisoner escape, while he went to Geneseo and Davenport to inquire into the past record of the prisoner and endeavored to trace him for the preceding ten or fifteen days. The citizen who in good faith and without malice, under circumstances strongly tending to show guilt, institutes a criminal prosecution, should not be cast in damages because afterward upon a full investigation the suspicious circumstances are explained, and the innocence of the party accused made apparent. (Jacks v. Stimpson, 13 Ill. 701;

Collins v. Hayte, 50 Ill. 353; Angelo v. Faul, 85 Ill. 106.)
The courts incline to the encouragement of criminal prose-
cutions, when instituted in good faith, without malice, and
for the purpose of punishing violators of the law, and for
that reason suits for malicious prosecution are not favored.
(Thomas v. Muehlmann, 92 Ill. App. 571; 14 Am. & Eng.
Ency. of Law, 16; Newell on Malicious Prosecution, sections
13, 14.) We are of opinion Carr had probable cause to
swear out the warrant charging Pierce with the burglary.
Pierce was an entire stranger to Carr, and there is no fact
tending to charge Carr with any improper or unworthy
motive or with either legal or actual malice.

After swearing out the warrant for burglary Carr went
to Geneseo and found Pierce belonged to a family living
there. The state's attorney was requested to attend before
the justice at the adjourned date, and he sent in his place
John K. Scott, an attorney of several years' practice in that
county. Scott was fully informed of the material facts.
He advised Carr that a conviction for burglary could not be
had, but that under the facts a complaint for vagrancy
would lie. Carr then abandoned the charge of burglary,
and Scott prepared and Carr signed and swore to a com-
plaint charging Pierce with vagrancy, and he was imme-
diately tried and discharged, the justice holding that sleep-
ing in a box car did not constitute vagrancy, under section
270 of the criminal code, which classes among vagabonds
"persons lodging in or found in the night time in out
houses, sheds, barns or unoccupied buildings, or lodging in
the open air, and not giving a good account of themselves."
Pierce was at least within the spirit of this act. He was
found in the night time in an unoccupied freight car, on
premises where he had no right to be, and concealed, and
he gave a false account of himself. We are of opinion the
advice of the attorney sent to represent the state's attorney,
given after a statement to him of the material facts, was
a protection to Carr in swearing out the warrant for
vagrancy, and that Carr was not actuated by malice.

As there was probable cause and an absence of malice,

plaintiff has no cause of action. After two trials, it would serve no useful purpose to remand the cause.

The judgment is therefore reversed.

**Finding of facts** to be incorporated in the judgment:

We find from the evidence that Michael Carr, the agent of the railway company who performed the acts complained of, had probable cause and acted without malice, and that the proofs do not sustain any count of the declaration.