DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS,

### DURING THE YEAR 1907.

---

### Siegel, Cooper & Company v. Friedericke Tuebbecke.

#### Gen. No. 12,984.

MALICIOUS PROSECUTION—*what defense to action for.* It is a full defense to an action for malicious prosecution to show that the arrest, etc., were with probable cause and not malicious.

Trespass on the case. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed, with finding of facts. Opinion filed April 12, 1907. Rehearing denied April 26, 1907.

**Statement by the Court.** This is an action of trespass on the case for alleged malicious prosecution. In the trial court judgment was rendered in favor of the plaintiff for the sum of $500, from which this appeal has been taken.

The declaration charges in substance that plaintiff is a good, honest citizen, and that the defendant to bring her into disgrace maliciously caused her to be arrested and imprisoned and falsely and maliciously and without probable cause made complaint before a justice of the peace, charging her with having feloniously stolen a piece of braid of the defendant, and falsely, maliciously and without probable cause procured a justice to hold her to the grand jury, by whom the defendant caused her to be indicted on a charge of

312

having feloniously stolen a piece of braid; that said cause was submitted to a jury which found plaintiff not guilty, that she was acquitted and discharged, that the prosecution is wholly ended, and that plaintiff has been greatly injured, etc.

A verdict in her favor for $500 was returned by the jury and judgment entered upon the verdict. Defendant appeals.

BENSON LANDON, for appellant; WILLIAM S. FORREST, of counsel.

EMIL A. MEYER, for appellee; J. E. INGRAM, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the trial court erred in admitting evidence relating to the arrest and prosecution of Elizabeth Friederica Barbette Tuebbecke, since the plaintiff in this suit is Friedericke Tuebbecke; that the court erred in refusing to exclude evidence of money paid to attorneys and stenographers in the absence of evidence tending to show the value of their services; that the verdict is not warranted by the evidence, which, it is urged, establishes first, that the complaint under which appellee was arrested was made by a police officer not in the employ of the appellant; second, that there was probable cause for the prosecution; and third, that the evidence fails to establish that the prosecution was malicious.

It is not necessary to consider all these contentions. If it is clear the arrest and prosecution complained of were with probable cause and not malicious, the verdict and judgment were erroneous. In Chicago Forge & Bolt Co. v. Rose, 69 Ill. App., 123–124, it was said that "a belief of the guilt of the accused founded on circumstances tending to show that he has committed a criminal offense is sufficient to show probable cause. Jacks v. Stimpson, 13 Ill., 702. There was a failure to establish want of probable cause, and

the jury should for this reason have been instructed to find for the defendant. Harpham v. Whitney, 77 Ill., 32–39–42; 14 A. & E. Encyc. of Law, 45." The same doctrine is stated in Scheldrup v. Farwell Co., 67 Ill. App., 630–631. In Clark v. Hill, 96 Ill. App., 383–386, it was said that "in order to entitle appellee to a recovery it was necessary for him to establish affirmatively that appellant acted both maliciously and without probable cause." In C., R. I. & P. Ry. Co. v. Pierce, 98 Ill. App., 368–371, the court said: "The citizen who in good faith and without malice under circumstances strongly tending to show guilt institutes a criminal prosecution, should not be cast in damages because afterward upon a full investigation the suspicious circumstances are explained and the innocence of the party accused made apparent (citing cases). The courts incline to the encouragement of criminal prosecutions, when instituted in good faith without malice and for the purpose of punishing violators of law, and for that reason suits for malicious prosecution are not favored." See also Thomas v. Muehlmann, 92 Ill. App., 571–572, and cases there cited. In this class of cases the issue "for the jury to try is not the guilt of the plaintiff. If the defendant acted in good faith on evidence whether true or false, which is sufficient to create a reasonable belief that the accused was guilty of the offense, he is protected." Anderson v. Friend, 85 Ill., 135–136. In Ross v. Innis, 35 Ill., 487–505, it was said: "Probable cause is defined by this court to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."

We are of opinion the appellee has failed to establish want of probable cause. The evidence in her behalf tended to show that accompanied by her sister, she had that day visited The Fair, the Boston Store and Rothschild's before going to the store of appellant. At the latter's store, the sister testifies that she saw a piece of braid lying on the floor, which she picked up, that immediately thereafter a detective on duty in the store came up and said to her, "Lady,

Siegel, Cooper & Co. v. Tuebbecke.

you have got something that don't belong to you"; that she handed him the braid and "was going to walk on." The plaintiff, who was near at hand, then came up and was asked if she saw her sister buy the braid. She answered that she had not. Both the sisters were then taken into a private room. Plaintiff's sister was found in possession of a box of cigars concealed on her person, and of a bag with a hat in it. She was wearing a loose cape or cloak over her shoulders, which "came down to her waist line," at least far enough to conceal articles which might readily be put under it. Further investigation showed plaintiff in possession of a package containing about eight yards of striped silk, which she claimed her sister had given her for a Christmas present, but which it is admitted was not theirs. They claimed to have found it on a stairway at The Fair. Plaintiff had a belt concealed in her stocking, which she claimed her sister had also given her that day. She had also a chatelaine bag which she said belonged to her daughter and which she claimed to have purchased at Rothschild's. She had also "a cigar case on my chest." When asked by the officer if the other woman was her sister, plaintiff said, "Gentlemen, you must excuse me, she lost two children in one year; when she do wrong she must be out of her mind and you must excuse her." The sister's excuse for not turning the package she claims to have found at The Fair into the Lost and Found Department there, which she knew about, instead of handing it to plaintiff, is that she had lost a pocketbook there some years before which she had never recovered and so concluded that the next thing she found she would keep. The evidence in plaintiff's behalf tends to show the sisters did not give correct names, and that plaintiff refused to write her own name without first seeing an attorney. Evidence given before the justice by whom the plaintiff and her sister were held to the Criminal Court was read in evidence in plaintiff's behalf. It tended to show, among other things, that plaintiff looked at the braid taken from her sister at appellant's store, put it to one side and then laid a package over it, and that her sister took it from under the

package and put it under her cape. She then walked away from the counter down the aisle, followed by the detective who placed the two under arrest. Plaintiff's evidence also tended to show that the detective had been watching plaintiff and her sister at Rothschild's and had seen plaintiff take a chatelaine bag and put it in her belt, and also take a veil, which articles were found on one or the other of the sisters when they were arrested. The plaintiff was indicted for stealing the braid, and the trial in the Criminal Court resulted favorably as to that charge so far as the plaintiff was concerned.

Appellant's counsel moved the court at the close of the plaintiff's evidence, and again at the conclusion of all the evidence, to instruct the jury to find the defendant not guilty. This the court refused to do. We are of opinion that the evidence in plaintiff's behalf clearly failed to show a want of probable cause, and that the jury should for that reason have been instructed to find a verdict for the defendant. If, however, there was any room for doubt at the conclusion of the plaintiff's evidence, as to the propriety of so instructing, we are of opinion it was removed at the conclusion of all the evidence by the preponderance tending to show that probable cause existed.

The judgment of the Superior Court must be reversed with finding of facts.

*Reversed, with finding of facts.*