Seery *v.* Socks *et al.*

---

<table>
<tr><td>29</td><td>313</td></tr>
<tr><td>94a</td><td>448</td></tr>
<tr><td>94a</td><td>451</td></tr>
</table>

JAMES SEERY, Appellant, *v.* MELCHER SOCKS, and WILLIAM MULVANIA, Appellees.

### APPEAL FROM WOODFORD.

When a person professes to act as an agent, disclosing the name of his principal, he assumes no personal responsibility unless he acts fraudulently.

THIS suit was originally brought before a justice of the peace of Woodford county, by appellees, against appellant, as agent of Robinson & Dunham, in which appellees recovered judgment for $65, and the same was appealed to the Circuit Court. Trial was had in said Circuit Court, at the December term thereof, 1861, and the jury found a verdict

for appellees for $60.60. Whereupon appellant entered a motion for a new trial; which motion was overruled, and judgment rendered as follows: "It is therefore ordered and adjudged by the court, that the plaintiffs have and recover of and from the said James Seery, agent of Robinson & Dunham, the sum of $60.60, damages," etc.

H. B. HOPKINS, for Appellant.

When the verdict is manifestly against the evidence, or without evidence, or appears at first blush erroneous, or results from the misdirection of the court, a new trial will be granted. *Lowry* v. *Orr*, 1 Gilm. 70; *Scott* v. *Blumb*, 2 Gilm. 595; *Dawson* v. *Robbins*, 5 Gilm. 72; *Gordon* v. *Crooks*, 11 Ill. 142; *Schwab* v. *Gingerick*, 13 Ill. 697.

An agent is not personally liable when acting within the proper compass of his powers. Chitty on Contracts, 227, 228, note 1; *Meech* v. *Smith*, 7 Wend. 315; *Clark* v. *Foster*, 8 Verm. 98; Story on Agency, sec. 308, notes 1 and 2, and cases there cited.

Agents acting within the scope of their authority are liable personally to third persons only for positive wrongs, frauds and torts. Story on Agency, sec. 311, note 3; sec. 261, note 1.

A. E. STEVENSON, and T. M. SHAW, for Appellees.

It was a question for the jury to decide, whether the agent made a false and fraudulent warranty. If the warranty was false and fraudulent, he could not protect himself by charging the fraud on his principal. Story on Agency, 308, 322; Chit. on Cont. (9th Am. ed.) p. 688.

If the money is not paid over to the principal at the time the contract is rescinded, the agent, by refusing to refund, is personally liable. Story on Agency, 300, 301, and notes.

CATON, C. J. There is and can be no question that Seery acted as the agent of Robinson & Dunham, in the sale of the corn sheller, and that this was well known by the purchasers.

The order on its face is given to Robinson & Dunham, in whose name Seery made the sale, and the summons is to him, as their agent. On this point, there can be no dispute. The action, then, should have been against the principals, and not the agent. When the agent professes to act as agent, and discloses the name of his principal, he assumes no personal responsibility, unless he is guilty of some fraud, of which there is no pretense in this case.

But even if the action were properly brought, it could not be maintained on this proof. According to Socks' own statement, the vendor was to have an opportunity to bring a mechanic to set up the machine, and to give it a fair trial, and he was entitled to a reasonable time to do so. This was refused. The proof shows that the machine was a good one, and with reasonable time there is no doubt the defendant could have had it properly adjusted, so that it would have done good work. It did not do good work on the first trial, because some parts of the machine were wanting, which were brought up by the mechanic; and because the machine was not properly adjusted.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*