## Marvin R. Brainard et al.

### v.

## Joseph E. Turner.

Settlement—Mistake—Joint liability.—A, being in the West, purchasing butter for shipment to B, in Chicago, and meeting with C, who was in the same business, they arranged that the aggregate of their purchases should be divided between them and pa d for equally, and shipped, which was done. Afterwards, C, thinking there was a mistake in the settlement, brought suit against A and B, jointly, for the amount claimed to be overpaid. *Held*, that if A was the agent of B, he was not liable to C upon any implied contract, because he had disclosed his principal; and if he was not such agent, then B was not liable, because there was no privity between him and C, and that a verdict against A and B, jointly, was error.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.   Opinion filed May 2, 1879.

Mr. T. B. Wakeman, for appellants; that the verdict was contrary to the evidence, and the judgment should be reversed, cited Chase v. Debolt, 2 Gilm. 371; Boyle v. Levings, 24 Ill. 223; Clement v. Bushway, 25 Ill. 200; Reynolds v. Lambert, 69 Ill. 495; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519; St. Paul F. & M. Ins. Co. v. Johnson, 77 Ill. 598; Papineau v. Belgarde, 81 Ill. 61; Booth v. Hynes, 54 Ill. 363; Bishop v. Busse, 69 Ill. 403; T.W. & W. R. R. Co. v. Moore, 77 Ill. 217; Gilbert v. Bone, 79 Ill. 341; Chicago v. Lavalle, 83 Ill. 482.

Replication to defendant's plea being filed on the day the cause came on for trial, it was not properly at issue at the commencement of that term of court: Adams v. Neely, 15 Ill. 380; Sammis v. Clark, 17 Ill. 398; Smith v. Wilson, 26 Ill. 186.

Mr. James Goggin, for appellee.

Pleasants, J.   This was an action of assumpsit by appellee against appellants upon a count for goods bargained and sold, and the common counts, to which Brainard plead the general issue, and Baker in abatement denying his joint liability—both verified by affidavit.

The case was, that Brainard being out West buying butter

for shipment to Baker at Chicago, and falling in with appellee, who was in the same business, arranged with him that the aggregate of their several purchases should be divided between them and paid for equally.

Having thus bought, divided and shipped a car load, it appeared upon looking over their respective accounts that Brainard had paid for the larger part, and thereupon appellee refunded one-half the excess. Afterwards, supposing that he had discovered in the figuring and settlement an error against himself, and having applied in vain to Brainard and then to Baker, after the latter had settled with Brainard, for a correction of it, he brought this suit against them jointly for the amount claimed to have been so overpaid, and recovered a judgment upon a verdict for $169.80, which the Circuit Court refused to set aside.

There was no evidence tending to show a partnership between appellants, except the statement of appellee that Brainard told him he was buying for their joint account, which was inadmissible against Baker; and Brainard as positively denied it, so that as against him there was no preponderance of proof upon this point. But he did tell him that he was buying for Baker, with means wholly furnished by him; and it further appeared that in fact he received for his services a monthly salary which was to be determined by the amount of the profits, and turned out to be one hundred dollars.

If Brainard, in these transactions, was the agent of Baker, he was not liable to appellee upon any implied contract, because he had disclosed his principal, and had not bound himself personally nor been guilty of any fraud. Seery v. Socks, 29 Ill. 313; Milliken v. Jones, 77 Ill. 372. And if he was not such agent, then Baker was not so liable, even though in his settlement with Brainard he had received the amount thus paid in error, because there was no privity between him and appellee. In that case Baker would be liable only to Brainard, and the latter alone to appellee. Hall v. Carpen, 27 Ill. 386.

In every view, therefore, the verdict against appellants jointly was contrary to the law and the evidence. For the error in refusing to set it aside, the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.