### Mary Ketchum, Appellee, v. John S. Sears, Appellant.

### Gen. No. 5270.

PRINCIPAL AND AGENT—*when latter not personally bound by promise.* The principal being disclosed, the agent is not personally bound by a promise which he makes for his principal.

Assumpsit. Appeal from the City Court of Aurora; the Hon. E. M. MANGAN, Judge, presiding. Heard in this court at the October term, 1909. Reversed with finding of facts. Opinion filed March 11, 1910. Rehearing denied April 13, 1910.

SEARS & SOLFISBURG, for appellant.

WILLIAM J. TYERS and J. C. JAMES, for appellee; A. H. SWITZER, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant in *assumpsit,* alleging that he agreed to pay her $900 if she would execute, acknowledge and deliver to him a deed of certain real estate in DuPage county; that she did execute, acknowledge and deliver to him a deed of said real estate; and that he had not paid her said sum. Appellant pleaded the general issue. Upon a trial appellee

had a verdict for $900; a motion by appellant for a new trial was denied, appellee had judgment, and appellant prosecutes this appeal therefrom.

Leander E. Ketchum and appellee were husband and wife, and were not living together. Leander E. Ketchum lived in South Dakota, and owned a farm in DuPage county, Illinois. Their son, James G. Ketchum, rented said farm from his father, and his mother lived with him thereon. There was a mortgage or trust deed upon the farm securing a debt; and there was a judgment against Leander E. Ketchum which was a lien on the farm, and there was a lien for taxes thereon. Litigation was also pending in said county against Leander E. Ketchum upon certain notes which he had given to one Henry Edwards, then deceased, to which Leander E. Ketchum was seeking to interpose certain defenses. One Jacob Weidert offered $12,000 for the farm and Leander E. Ketchum and appellee agreed to sell it to him for that price. Leander E. Ketchum and appellee agreed verbally that appellee should receive one-third and Leander E. Ketchum two-thirds of the net proceeds of the sale, after payment of the debt secured on the farm, and the judgment and the taxes, and the amount which the Edwards estate might recover, and perhaps some other obligations. Weidert paid $500 down. The agent who negotiated the sale of the farm was paid therefrom $200 for his commissions, and Leander E. Ketchum was paid $200 and appellee $100. Appellant was a member of the firm of Sears & Solfisburg, lawyers, practicing at Aurora. They were attorneys for Leander E. Ketchum; A. H. Switzer, practicing law at Aurora, was attorney for appellee. Appellant prepared a deed of the farm from Leander E. Ketchum and appellee to Weidert, procured its execution by Leander E. Ketchum, and on February 25, 1909, took it to the office of Switzer to procure its execution by appellee, who was there present. An instrument had previously been prepared as of that date for execu-

tion by Mr. and Mrs. Ketchum, which set out their agreement as to the sale of the farm and division of its net proceeds, and which provided that Mrs. Ketchum was to receive from the farm at least $1,000 in any event. Leander E. Ketchum had already signed it. Switzer interlined certain words in that contract and Mrs. Ketchum then signed it Appellant raised some question as to the interlineations, and accordingly appellant dictated and Switzer wrote another agreement to take the place of the one already signed. It differed but little from the first paper, except that while it gave appellee one-third of the net proceeds, it did not specify what should be deducted from the gross proceeds, and it did not state that appellee was to receive $1,000 in any event, but that was plainly implied, for during that interview and apparently before the second paper was written, appellee had been promised by appellant that $900 should be paid her that evening, after the deed had been recorded, and as she had received $100 out of the first payment, the $900 she was then to receive would assure her the $1,000. At this time the entire purchase money had been put into the hands of Sears & Solfisburg, the attorneys for Leander E. Ketchum, but they had agreed not to distribute it till the deed had been filed for record at the county seat of DuPage county and it had been ascertained that no other judgment liens had intervened. Then Sears & Solfisburg were to pay off the mortgage or the trust deed, the judgment and the taxes, and were to pay appellee $900. If the claim of the Edwards estate was put into judgment for the full amount of the notes, the one-third of the net proceeds of the farm which appellee was to receive would not amount to $1,000 but it was expected that that demand could be substantially reduced, and it was considered safe to pay appellee the $900 in addition to the $100 previously paid, and it was hoped that the Edwards demand might be so far reduced that still

more would be realized for appellee. Appellee executed and acknowledged the deed and delivered it to appellant, and it was filed for record. Appellant did not pay appellee $900 that day, but shortly thereafter Solfisburg went to the office of Switzer with a check for $900 dated on said February 25, 1909, payable to the order of appellee and signed by Sears & Solfisburg, and endorsed by Leander E. Ketchum and offered it to Switzer and demanded the second contract between Leander E. Ketchum and appellee dated February 25. Switzer testified that Solfisburg demanded a receipt in full but his further examination showed that he understood that Solfisburg was calling for the second contract dated February 25, and that was not a receipt in full. Switzer refused to deliver it, and Solfisburg did not deliver the check, and the $900 has not been paid. The check is still held by Sears & Solfisburg or by Leander E. Ketchum, and appellee offered it in evidence.

In this suit appellee seeks to recover from appellant the $900 which she says he promised to pay her for executing, acknowledging and delivering to him the deed, and which she declares to be the promise upon which she parted with the deed, and which, it is argued in her behalf, had nothing to do with the agreement of her husband to pay her one-third of the net proceeds of the farm. She has also brought a suit against her husband upon his written agreement to pay her one-third of the net proceeds, and has garnisheed appellant in that suit. Their son, James G. Ketchum, has also sued Leander E. Ketchum, and has garnisheed appellant. That appellee claims the right to recover $900 from appellant on his personal promise, without affecting her right to recover from her husband the entire one-third of the net proceeds of the sale of the farm, regardless of the $900 to be collected from appellant, is clear from the brief and argument filed here by appellee's counsel. After stating the evidence of his promise to pay her $900 they say: "This

promise was made freely by appellant, and no conditions whatsoever were attached thereto. This agreement was no part of the arrangement for distribution of the proceeds of the sale of the farm which appellee entered into with her husband, L. E. Ketchum, but, as we have shown, it was an independent arrangement entered into by Mr. Sears for the purpose of securing immediate possession and control of the deed. He offered his personal promise to pay appellee the sum of $900 before 6 o'clock that evening in order that he might secure that immediate possession and control of the deed, and appellee accepted his proposition.'' Again they say: ''He thereupon proposed to personally pay her $900 as we have shown, and she accepted his proposal and thereupon accepted the terms of the written agreement and delivered the deed. But one conclusion can be reached to this promise. It was additional to and separate from the written contracts referred to by appellant and necessarily could not be incorporated therein.''

Although several persons were present in Switzer's office that day who testified for appellee, and they in some respects differ from the version of the conversation testified to by appellant, who was alone, yet this attempt to single out from a long conversation the few words in which appellant told appellee he would pay her $900 by six o'clock that evening, and to make them an absolute and personal promise by appellant, regardless of all else that was said between the parties, must fail. It is clear that upon this record neither Sears nor Solfisburg had any personal interest in this transaction. They were attorneys for Leander E. Ketchum and were acting solely as his representatives, and that fact was well known to appellee, and to Switzer, her attorney. It is clear that whatever promises appellant made to appellee and to her attorney he made as the attorney of Leander E. Ketchum and in his behalf, and that he was so understood by appellee and by her attorney. It is clear that ap-

pellant was not understood to mean that he would pay appellee $900 of his own money. It is clear that the $900 then promised to be paid was to be paid out of the moneys of Leander E. Ketchum and was to be at least a part if not the whole of the remainder of the one-third of the net proceeds of the farm which appellee was to receive from her husband. The conduct of the parties that day makes it clear to us that it was understood and intended then by appellee and her attorney that when appellant, acting for Leander E. Ketchum, should pay appellee the $900 he was to receive for his client the second paper prepared that day. The check offered shortly thereafter was not money, but no objection was made to it on that account, and no claim was made that it was not good.

Where, as here, the principal is disclosed, the agent is not liable upon a promise which he makes for his principal. 1 Am. & Eng. Ency of Law, 1st Ed. 401; Seery v. Socks, 29 Ill. 313. Appellee did not understand that appellant was promising to pay her $900 of his own money. She understood that he was promising, in behalf of her husband, to pay her $900 of her husband's money. The evidence will not warrant the position of her counsel here that she is to be paid by her husband one-third of the net proceeds of the farm, and is also to be paid $900 by appellant. We are of opinion that Solfisburg was justified in withholding the check when Switzer refused to deliver the second paper prepared on February 25, and which appellee had at some time signed. We are of opinion that appellee's sole cause of action is against her husband. It may be that she has a right to have Sears & Solfisburg retain the moneys in their hands till in some proceeding to which her husband is a party it is determined what deductions are to be made from the gross purchase price before making the division, but there is no proof that they are not retaining the funds for that purpose, and she could have no such relief in this suit.

We are of opinion that appellee has no right of action against appellant in this cause. The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of facts, to be incorporated in the judgment.

We find that appellee has no right of action at law against appellant for the moneys here sued for.