Thomas Betts, Jr., Executor, Appellant, v. Leander E. Ketchum et al., Appellees.

### Gen. No. 5546.

This case is controlled by the decision in Commercial Nat. Bk. v. Kirkwood, 172 Ill. 563.

Bill in chancery. Appeal from the Circuit Court of Du Page county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

JOSEPH A. REUSS and JOHN W. LEEDLE, for appellant.

ALSCHULER, PUTNAM & JAMES and A. H. SWITZER, for appellee, Mary Ketchum.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

One branch of this case was before this court and is reported in Ketchum v. Sears, 154 Ill. App. 52, which contains a sufficient statement of the facts.

This is a bill in chancery by complainant, in the nature of a creditor's bill, to compel defendant Sears to pay the amount of his judgment, $1,905.04, claiming that the defendant Sears is liable therefor, under the agreement made with the Ketchums at the time the farm was sold and Weidert paid to him the balance of the purchase money.

The trial court found and decreed that Sears pay Mary Ketchum the $900 balance due her under said agreement and that he pay complainant $537.40, the balance in his hands, to apply on complainant's judgment; and complainant appeals. The day after the deed to said farm was filed for record, Sears paid to Ketchum $2,874.80, the balance of said purchase money except the $900 due Mary and the $537.40 the estimated one-third of the Betts claim, which at that time had been sued upon, but was not in judgment, and which one-third would have been payable to Mary if the Betts claim had been entirely defeated.

Complainant claims that under the agreement between the Ketchums, Sears became a trustee, and is liable to plaintiff for the full amount of his judgment; but we cannot agree with that contention.

Weidert paid the purchase money to Sears with instructions to pay and satisfy all liens against said lands, which was done. The agreement between the Ketchums concerned themselves alone, and while it might have benefited the plaintiff, yet he was in no way a party to it, and until he had signified his acceptance, there was no privity of contract or mutuality between him and Sears; and being so Ketchum had the right to rescind his direction to Sears and to demand any and all of the funds remaining in his hands except the $900 which belonged to Mrs. Ketchum, and should have been paid to her by Sears when she signed the deed.

We think that the case of Commercial National

Bank v. Kirkwood, 172 Ill. 563, lays down the principle governing this case.

Finding no error in the record, the decree of the trial court is affirmed.

*Affirmed.*