## St. Louis Southwestern Railway Co., Plaintiff in Error, v. White Lumber Co., Defendant in Error.

### Gen. No. 16,345.

PRINCIPAL AND AGENT—*when latter not personally bound.* Where an agent discloses the fact of his agency or where the other party knows at the time that he is acting as such agent the latter will not be liable unless he binds himself to become responsible.

Error to the Municipal Court of Chicago; the HON. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 11, 1912.

JEFFERY, OTT & CAMPBELL, for plaintiff in error.

ADAMS, BOBB & ADAMS, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

The Ferguson Hardwood Lumber Company, of Texas, hereinafter called the Ferguson Company, shipped a carload of lumber from Weaver, Texas, to the White Lumber Company, of Chicago, hereinafter call-

ed the defendant, the Ferguson Company agreeing to pay the freight to Chicago. The St. Louis Southwestern Railway Company, hereinafter called the plaintiff, received the car of lumber from the Ferguson Company and carried it to the connecting point of the Chicago & Alton R. R. Co., who delivered it to the defendant. The defendant, as agent for the Ferguson Company, paid the freight thereon, as called for by the freight bill presented to it by the Chicago & Alton.

It is claimed by the plaintiff that through a mistake of a clerk in the office of one of the railroad companies, the amount called for in the freight bill was $11 less than the proper charge under the legal tariff rates; and this does not seem to be controverted. About eighteen months thereafter this suit was brought to collect this undercharge of $11 from the defendant, and judgment was rendered against the plaintiff.

We think there is but little doubt that the plaintiff is entitled to collect from some one the full amount of the freight at the legal tariff rates. The only question is whether or not the defendant is liable therefor. From the stipulation of facts it appears that at the time defendant paid the freight bill it was acting as the agent of the Ferguson Company, and presumably plaintiff knew that fact. This being true, we can see no reason for holding the agent liable. Where an agent discloses the fact of his agency, or where the other party knows at the time that he is acting as such agent, the latter will not be liable, unless he binds himself to become responsible. Millikin v. Jones, 77 Ill. 372; Brainard v. Turner, 4 Ill. App. 61.

We do not understand why plaintiff did not bring its suit against the Ferguson Company in Texas, where both parties reside, instead of waiting eighteen months after the transaction and then bringing suit against the agent of the Texas company in Chicago.

The judgment is affirmed.

*Affirmed.*