### A. Yuckman, Defendant in Error, v. J. J. Considine, Plaintiff in Error.

### Gen. No. 20,103.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 22, 1914. Rehearing allowed and additional opinion filed January 26, 1915.

### Statement of the Case.

Action by A. Yuckman against J. J. Considine to recover commissions claimed to have been earned by him under a verbal agreement with the latter to procure a purchaser ready, willing and able to buy certain real estate owned by defendant's mother.

Plaintiff claimed that defendant agreed to pay him two and one-half per cent. commission, and that the parties he was negotiating with subsequently accepted defendant's terms but defendant would not close the deal. On the other hand, defendant claimed that on plaintiff's first visit he told him the property was for sale, and that his mother and not he was the owner thereof; that after the offer aforesaid was rejected, plaintiff requested him to see if his mother would not take a less sum, and that he did not see plaintiff thereafter until he came claiming a commission.

Three important matters were in dispute: (1) The terms of sale; (2) whether defendant personally promised to pay a commission fee; (3) whether he held himself out as the owner or as authorized to sell.

In an instruction on the last matter the Court said:

"The question of ownership of the property is altogether immaterial; that is, if you should find from the evidence in the case that the defendant held himself out to be the duly authorized agent of the owner of the property, and that he had the proper authority to sell

this property, then he would be liable whether or not he owned the property.''

Thereupon defendant requested the Court to instruct as follows:

''The court instructs the jury that if you find from the evidence that the defendant, J. J. Considine, was not the owner of the real estate in question, and was not authorized by the owner thereof to sell or offer the same for sale, and that the plaintiff had knowledge of this fact prior to or at the time he began negotiations with the prospective purchasers, he cannot recover, and your verdict must be for the defendant.''

The court refused so to instruct the jury and defendant excepted thereto and to that part of the given instruction saying that the ownership was immaterial. To reverse a judgment in favor of plaintiff, defendant prosecutes error.

JOSEPH P. MAHONEY, for plaintiff in error; HOWARD M. HARPEL and J. KENTNER ELLIOTT, of counsel.

ADLER & LEDERER, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

BROKERS, § 95*—*when instructions misleading.* In an action to recover brokerage commissions for procuring a purchaser ready and able to buy real estate belonging to defendant's mother, an instruction given for plaintiff telling the jury that the question of ownership of the property was "altogether immaterial," *held* misleading when the controverted issues of fact were whether plaintiff did not know that defendant was acting merely as agent of the owner in the transaction, and whether defendant made any personal promise to pay the commissions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.