**A. J. Stone and S. O. Stone, copartners, trading as A. J. Stone & Company, Defendants in Error, v. Gustavus A. Kreis, Plaintiff in Error.**

### Gen. No. 21,648.

1. PRINCIPAL AND AGENT, § 167*—*when agent not personally liable.* Where an agent discloses the fact of his agency, or where the other party knows at the time that he is acting as such agent, the latter will not be liable, unless he binds himself to become responsible.

2. BROKERS, § 7*—*what evidence tends to show real estate broker bound as principal.* In an action by real estate brokers to recover commissions, where the defense was that defendant was acting as agent, evidence *held* to tend to show that defendant was bound as principal.

3. BROKERS, § 38*—*what is duty of real estate broker under contract for commissions.* Where real estate brokers make a contract with an owner of real estate to sell his property on commission, the duty of such brokers is to find for the owner a purchaser ready, willing and able to purchase the property on terms acceptable to the owner.

4. BROKERS, § 95*—*when refusal of instruction as to good faith of owner in making sale is erroneous.* In an action by real estate brokers to recover commissions, where it appeared that after notifying plaintiffs of his discontinuance of negotiations with their customer, defendant sold the property to another person who conveyed it to such customer, *held* that it was reversible error to refuse an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

instruction requested by defendant as to his good faith apart from that of the customer, while giving an instruction requested by plaintiffs as to the good faith of the customer together with that of defendant, since the given instruction was misleading, and since each party had the right to have the jury instructed upon his theory of the case, if such theory had a basis in the evidence on which to rest.

5. BROKERS, § 54*—*when good faith of vendor in abandoning negotiations is controlling.* In an action by real estate brokers to recover a commission, where it appeared that after considerable negotiation with plaintiffs' customer, both such customer and defendant informed plaintiffs that they would not negotiate further in reference to the transaction, but yet defendant later sold the property to another person, who in turn conveyed it to plaintiffs' customer, the controlling issue of fact presented was that of defendant's good faith in abandoning the negotiations.

## On Rehearing.

1. BROKERS, § 48*—*when good faith of owner in making sale is not material.* Where, after discontinuing dealings with a customer procured by brokers, an owner of real estate knowingly deals with such customer or with a third party representing such customer, the element of good faith in the transaction is not material as respects the question of the liability of the owner to plaintiffs for commissions, although the sale was at a much lower price than that offered by the customer through plaintiffs as brokers.

2. BROKERS, § 48*—*when good faith of owner in making sale is material.* Where, after discontinuing dealings with a customer procured by brokers, an owner of real estate sells to such customer at a much lower price than that offered through plaintiffs as brokers, the element of good faith in the defendant is material as respects the liability of defendant to plaintiffs for commissions, where it appears that the negotiations actually resulting in the sale were entered upon through a third party who was the secret representative of such customer, of which defendant was ignorant, and where it also appears that after due inquiry defendant was led to believe that he was dealing with an entirely new party and that he would not be obliged to pay commissions, thus inducing him to sell at the lower price, since in such case, if defendant was acting in good faith, the controlling influences of the sale were not those set in motion by plaintiffs.

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOP-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

KINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916. Rehearing denied and additional opinion filed November 28, 1916.

ELA, GROVER & MARCH, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendants in error; WALTER H. JACOBS and A. LIDDON SHEPHERD, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

Defendants in error (plaintiffs below) sued plaintiff in error (defendant below) for the recovery of an alleged commission, resulting in a verdict and judgment for $375 in favor of plaintiffs. Plaintiffs' suit is upon a contract of employment as real estate brokers.

It is contended that defendant is not liable to plaintiffs because he acted solely as agent for his wife, who had record title to the property in question, and that plaintiffs had notice of that fact, because they sold for Mrs. Kreis (prior to the sale in question) about six feet of the said property, and another piece adjoining it, to one Tegtmeyer. "Where an agent discloses the fact of his agency, or where the other party knows at the time that he is acting as such agent, the latter will not be liable, unless he binds himself to become responsible." *St. Louis Southwestern Ry. Co. v. White Lumber Co.,* 169 Ill. App. 482, 483; *Yuckman v. Considine,* 191 Ill. App. 192.

In the instant case under all the facts and circumstances in evidence, we are of opinion that the evidence tended to show that defendant became bound as principal by the terms of the contract of employment.

Under said contract it became plaintiffs' duty to secure for defendant a purchaser ready, willing and

able to purchase said property on terms acceptable to defendant. Plaintiffs contend that they secured such a purchaser, in the person of a certain Hock, and that defendant attempted to avoid payment of a commission by selling said real estate to another, named Woodward, who in turn conveyed same to Hock. Defendant, upon the other hand, contends that plaintiffs (a) failed to produce such a purchaser and (b) were not the procuring cause of the sale, and (c) that such sale was made by defendant without knowledge that Woodward actually purchased said property for Hock with money furnished by the latter.

It is shown by the evidence that covering a period of about two years, plaintiffs, under the terms of their employment, endeavored to induce Hock to purchase said property, and at the end of such period, Hock and defendant informed plaintiffs that they would not negotiate further in reference to same. The controlling issue of fact presented by the pleadings and evidence is the question of defendant's good faith in abandoning said negotiations.

The court refused defendant's motion to instruct the jury that if they believed from the evidence that the defendant acted in good faith at the time he sold the property in question to Woodward and did not know that Woodward was purchasing said property for the benefit of Joseph Hock, their verdict should be for defendant.

One of plaintiffs' given instructions referred to the question of Hock's good faith, together with that of defendant's, but the question of defendant's good faith, without reference to that of Hock, was not submitted to the jury by any instruction. Said given instruction was not only misleading but each party had the right to have the jury instructed upon his theory of the case, if it had a basis in the evidence upon which to rest. *Chicago Union Traction Co. v. Browdy,* 206

Ill. 615, 623. The refusal to give the foregoing instruction was reversible error. The judgment of the Municipal Court is therefore reversed and the cause remanded.

*Reversed and remanded.*

ADDITIONAL OPINION FILED ON PETITION FOR REHEARING.

MR. JUSTICE McGOORTY delivered the opinion of the court.

It is urged on the petition for rehearing that it was immaterial to the issues in this case whether defendant was acting in good faith or not. The real issue of fact was, whether or not plaintiffs were the procuring cause of the sale. It is true, the property was ultimately sold to plaintiffs' customer (Hock), but not by defendant, for he sold to Woodward at a price $500 below that submitted to plaintiffs. That fact would make no difference if defendant knew that he was dealing with Hock or with Woodward as his representative. But where, as in the present case, there is evidence tending to show abandonment of negotiations with the broker's customer, and entry upon negotiations with another party apparently in his own interest but in fact as the secret representative of plaintiffs' customer, of which defendant was ignorant, and that defendant, on due inquiry, was led to believe that he was dealing with an entirely new party and was not to pay commissions and was thereby induced to sell at such lower price, we think the element of good faith is material. It would not only seem unjust if he acted in good faith in the transaction that he should be mulcted for damages in the form of commissions because of bad faith and deceit practiced upon him by plaintiffs' customer, but to present the question, whether, so far as the operating influences on defendant are concerned, plaintiffs under such circumstances could be said to be the procuring cause of the sale.

If he was acting in bad faith he would be chargeable with commissions on plaintiffs' theory, but if acting in good faith, the controlling influences of the sale were not those set in motion by plaintiffs.

*Rehearing denied.*