## George J. Annes, Appellee, v. Carolan, Graham, Hoffman, Inc., Appellant.

### Gen. No. 32,131.

1. INSURANCE—*liability of insurance agent on insurance binder disclosing the principal.* A person insured against robbery under a binder agreement which refers to the insurer as Lloyd's of London, and which is signed in such name by an agent, cannot hold such agent liable for a loss on the theory that it was acting for an undisclosed principal.

2. INSURANCE—*Lloyd's of London as not an unknown principal.* Lloyd's of London is a body of underwriters that is known in insurance circles all over the world, and a person obtaining insurance from such body through an agent cannot claim that the agent was acting for an undisclosed principal on the ground that Lloyd's of London is unknown.

3. APPEAL AND ERROR—*entry of judgment for appellant upon a reversal.* The Appellate Court may enter a judgment for a defendant on reversing a judgment for plaintiff which was entered on a directed verdict.

Appeal by defendant from the Superior Court of Cook county; the Hon. HARRY C. STUTTLE, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Reversed and judgment here for defendant. Opinion filed February 9, 1928. Rehearing denied February 21, 1928.

JAY STOUGH and GEORGE F. CAROLAN, for appellant.

WETTEN, PEGLER & DALE and RICHARD H. MATHER, for appellee; JAMES P. HAFFNER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action was brought in assumpsit on what is known to the insurance fraternity as a "binder agreement" by which the plaintiff, George J. Annes, was indemnified by "Lloyd's of London" against the loss by robbery of one diamond ring valued at $2,000. The declaration consisted of one count, to which defendant filed seven pleas, among which was one of the general issue, and another averring that the defendant was not liable to the plaintiff for the reason that, in all that it did, it acted as the agent of Lloyd's of London. To the last plea plaintiff replied that "although the defendant in everything that it did and in all its transactions with the plaintiff, acted as agent of 'Lloyd's of London,' yet said 'Lloyd's of London' or 'Underwriters of Lloyd's, London' are persons or corporations unknown to the plaintiff." Other issues were made by other pleas which are not necessary to be considered in the conclusion to which we have arrived in this case.

While plaintiff did not set forth *in haec verba* the binder agreement, it attached a copy thereof to the

declaration. The theory of plaintiff is that the defendant is liable because he was acting for an undisclosed principal. All the evidence in the record on this subject refutes such contention. The binder agreement starts out thus:

"Binder Issued For Account Of
    Underwriters at
    Lloyd's London.

Chicago, Illinois, January 28, 1925.

"In consideration of the stipulations contained herein and Fifty and no/100 Dollars, Underwriters at Lloyd's London, are bound to George J. Annes from twelve o'clock noon of January 22, 1925, until twelve o'clock noon of January 22, 1926, in the sum of Two Thousand One Hundred Eighty-seven Dollars against direct loss or damage as per specifications in form attached hereto for not exceeding the above amount to the following described property, viz.: One 3 5/8 Karat Whole Gold Diamond Ring, $2,000.00 against all risks and in all situations," etc.

This binder agreement was signed "Carolan, Graham, Hoffman, Inc., by Jos. Penn Carolan."

Indorsed on the reverse of the binder is the following:

"It is hereby understood and agreed that the first Fifty Dollars ($50) of each loss will be paid by the assured. All other conditions remaining unchanged. Attached to and forming a part of Binder No. 52.

(Signed) Lloyd's of London,
    Carolan, Graham, Hoffman, Inc.,
        By Jos. Penn Carolan."

There further appears on said binder the following:

"Binder issued for account of Underwriters at Lloyd's London. Issued to George J. Annes, from January 22, 1925, to January 22, 1926."

Plaintiff introduced in evidence the binder agreement with all its indorsements thereon, showing inter alia the matters above set out.

At the close of the evidence defendant moved for a directed verdict in its favor, which was denied. Whereupon plaintiff moved for an instructed verdict in his favor for $2,000, which the court heeded and gave. After making the usual motions the court entered judgment upon the directed verdict for $2,000, and defendant brings the cause here by appeal for review.

There is no evidence in this record that defendant represented a principal which it did not disclose to plaintiff. The binder, wherever the insurance company is mentioned, is always "Lloyd's of London," and there is no evidence to contradict the fact that the defendant was the agent of Lloyd's of London. It was Lloyd's of London who were bound by the binder issued to the plaintiff, not the defendant. With this evidence before plaintiff, he cannot consistently be heard to claim that the principal of defendant was not disclosed to him in all the dealings which the defendant had with him on behalf of Lloyd's of London.

Lloyd's of London is a body of underwriters with its headquarters in London, England, that is known in insurance circles the world around. It is therefore idle in the light of the undisputed facts for plaintiff to claim that defendant was acting for an undisclosed principal.

In *Stone v. Kreis*, 202 Ill. App. 43, the court said:

" 'Where an agent discloses the fact of his agency, or where the other party knows at the time that he is acting as such agent, the latter will not be liable, unless he binds himself to be responsible.' *St. Louis Southwestern Ry. Co. v. White Lumber Co.*, 169 Ill. App. 482, 483; *Yuckman v. Considine*, 191 Ill. App. 192."

In *Durham v. Stubbings*, 111 Ill. App. 10, the court said:

"A contract made for the principal by his agent or attorney in fact is the contract of the principal and not of the agent or attorney in fact, and where the

fact of his agency is known to the party with whom he is contracting, and he acts within the scope of his authority, the agent incurs no responsibility.''

There was no contractual relationship between the parties to this action, either express or arising by implication from the evidence, and the plaintiff has no claim whatever against the defendant. Defendant acted openly as agent of Lloyd's of London, and the court therefore erred in instructing the verdict found in the record. Therefore the judgment of the superior court is reversed and the judgment being that of the court on an instruction to the jury, judgment is entered here in favor of defendant.

*Reversed and judgment here for defendant.*

TAYLOR, P. J., and WILSON, J., concur.